**CHAPMAN et al. v. GRIFFITH–
CONSUMERS CO.**

No. 7167.

United States Court of Appeals for the
District of Columbia.

Decided Oct. 9, 1939.

Cornelius H. Doherty, of Washington, D. C., for appellants.

Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

Plaintiffs, appellants here, filed declaration on Dec. 1, 1937, in the district court for the recovery of damages caused by the death of their employee, William Louis Keyes. The allegations of their declaration necessary for determination of this case were that on December 2, 1936, Keyes, employed by them as truck driver, was killed as a result of the negligence of the defendant, appellee here; that *at the time of his death they were insured by the Hartford Accident and Indemnity Company under the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code 1929, T. 19, §§ 11, 12, 33 U.S.C.A. § 901 note; that in accordance with this contract of insurance, the Company "has been required, and will in the future be required to pay, for and on behalf of the said plaintiffs * * * to the Treasurer of the United States the sum of $1,000, as provided by sec. 44 of the Act of Congress approved March 4, 1927";[1] that the deceased employee left surviving him, as his only heirs and next of kin, certain sons and daughters, "who have suffered pecuniary loss by reason of his death"; and that "by reason of the premises and of the Act of Congress in such cases made and provided", plain-

tiffs, on behalf of themselves, the Company, and the next of kin of Keyes "have become entitled to recover damages of the defendant corporation in the sum of $10,-000".

A demurrer was filed to the declaration. Among the grounds relied upon were; the declaration did not allege any payment under section 44 of the compensation act: and the plaintiffs had no right to maintain the action. The demurrer was sustained.

Thereafter, on January 20, 1938, an amended declaration was filed in which the plaintiffs reiterated their allegations mentioned above, except that, in lieu of the allegation that the Company had been required and in the future would be required to pay the stated sum of money, the amended declaration averred that the Company "in accordance with its contract of insurance * * * on the 21st day of December, 1937, paid $1,000 to the Treasurer of the United States, as provided by sec. 44 [33 U.S.C.A. § 944] of the act of Congress approved March 4, 1927." Defendant moved to strike the amended declaration on two grounds: the amended declaration was not a restatement of the alleged cause of action set forth in the original declaration, but was a statement of a new cause of action; and it relied on matters which had occurred since the filing of the original declaration. This motion was sustained, and the plaintiffs electing to stand upon the amended declaration, the judgment of dismissal was entered and this appeal prosecuted.

Under the act, there is a duty placed upon the employer to pay compensation to an injured employee;[2] compensation to a named class of dependent beneficiaries as a death benefit in case of the employee's death,[3] or $1,000 into a special fund in those cases where there are no persons entitled to compensation under the act. This payment into the special fund may be required upon the determination of the deputy commissioner that there are no persons entitled to received compensation under the act.[4] If any of these payments are made for injury or death resulting from the wrongful act of a third person, the act

---

[1] 33 U.S.C.A. § 944, which in part provides (c) (1) "Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death."

[2] 33 U.S.C.A. § 908.

[3] 33 U.S.C.A. § 909.

[4] 33 U.S.C.A. § 944 (c).

creates an assignment in the employer of the right of the employee or legal representatives, as it may be, to bring an action for such wrongful injury or death.

It is section 933 which creates the assignment in the employer who has made payments under the act. We set it out in the margin.[5] There is no assignment provided for unless the employer has made payments. In a death case where no person is entitled to receive compensation under the act, it is sec. 933(c) which creates "an assignment to the employer of all right of the legal representative of the deceased * * * to recover damages against such third person." Under this section, the payment of compensation "into the fund established in section 944" creates such assignment.

A special trust fund is established in the Treasury of the United States by section 944(a) which provides for the payment of the particular compensation allowed by subsection (f) and (g) of section 908. Section 944(c) requires the employer to pay $1,000 as compensation for the death of an employee into this special fund where the deputy commissioner determines that there is no person entitled under the act to compensation for such death. There is no assignment of rights created in section 944.

█ Congress clearly intended by section 933 to permit the election of the person entitled to compensation under the act to receive such compensation, or to enter suit in the name of the legal representative to recover damages against a third person responsible for such death; and upon the payment of the compensation referred to in section 933(c), where there is no person entitled to compensation for such

death, to assign to the employer the right of the legal representative to recover damages against such third person, thereby enabling the employer to recoup for himself monies paid as regular compensation, or the stipulated $1,000 paid as compensation into the fund established by section 944, with the obligation to distribute the excess recovery to those entitled thereto. However, there is nothing in the act enlarging the time in which the legal representative may institute his action for damages against the third person, nor enlarging the time in which the employer under the assignment created in section 933(c) may bring the action for damages.

█ It is apparent that the statute of limitations, in actions for death caused by wrongful act, is pertinent for practical purposes in this case. Such action must be brought by the personal representative within one year from the date of the death, or as in this case, the employer must have vested in him within one year from the date of the death of the employee the right of the personal representative to bring such action, else the assignment created by section 933(c) is meaningless. Appellants contend that the deputy commissioner cannot finally determine that there are no persons entitled to compensation until after a year has elapsed, since persons claiming such compensation have a full year in which to file their claims therefor; and also that the personal representative has a full year in which to institute the action at law against third persons for damages and that it cannot be known within the year that such action will not be instituted by him, and for these reasons the actual payment into the special fund within the year should not be required.

5 33 U.S.C.A. § 933. "§ 933. Compensation for injuries where third persons are liable. (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person. * * *

"(c) The payment of such compensation into the fund established in section 944 of this chapter shall operate as an assignment to the employer of all right of the legal representative of the deceased * * * to recover damages against such third person, whether or not the representative has notified the deputy commissioner of his election.

"(d) Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."

The appellee argues that the determination of the deputy commissioner may be made within the year and the condition of payment performed, thereby passing to the employer the right of the personal representative. The statute is silent as to the time when such payment is to be made and the time when the deputy commissioner may make the determination that there are no persons entitled to compensation under the act. Certainly, in some cases, he might well act within the year. But his acts are discretionary and beyond the control of the employer. We know of no way in which such determination within a year may be compelled, unless there is a clear abuse of discretion, nor can we conclude that the assignment of the right awaits this determination of the deputy commissioner. As we view it, the act contemplates, in a case such as this, an assignment to the employer of the right of the legal representative, upon payment of the $1,000 into the special fund, to recover damages against the third person alleged to be the negligent cause of death of the employee. This is necessarily so if the assignment given in section 933(c) is to be anything but an ineffectual gesture. Otherwise, it could be defeated in every death case by non-action of the deputy commissioner for over a year. This cannot be contemplated by the act for it is manifest that this sum will eventually have to be paid upon order of the deputy commissioner, and, so the payment before the order is made is but an acceleration of the duty that is necessary to be performed, and, in keeping with the broad equitable principles of the act, allows subrogation of the employer making this payment to the right to proceed against the third person whose act wrongfully caused the death. In other words, the duty to make payment is absolute and certainly should be allowed in time to effect the corresponding privilege of subrogation.

The appellants further maintain that, should the employer pay $1,000 into the special fund without determination of the deputy commissioner, and, subsequently thereto, the deputy commissioner should determine that dependents entitled to compensation under the act existed, or action within the year be instituted by the personal representative, there is no machinery in the act providing for reimbursement to them.

We cannot agree with this contention. While the act requires payment into the Treasury, this sum does not go into the general fund as money of the United States. The Treasurer of the United States is the custodian of the fund, and all moneys and securities therein are held in trust by him and are not money or property of the United States. Such fund is administered by the Commission. The Comptroller General of the United States audits the account for this fund, but the commission's action in making payments from it is final and not subject to review.[6] Therefore, there is nothing in the act repugnant to the right of the Deputy Commissioner to rescind an erroneous determination and to refund a premature payment. In this connection, we notice that section 922 expressly gives, "on the ground of a change in conditions or because of a mistake in a determination of fact", the deputy commissioner, "upon his own initiative, or upon the application of any party in interest", the right to decrease compensation paid under the act. So it would seem to us that if any action was brought by the duly appointed legal representative within the year, or if compensation were received by persons entitled thereto subsequent to the payment of the special compensation of $1,000 into the fund, the employer could recover the special compensation so paid. In the event of the institution of the action for damages by the duly appointed legal representative—which would be an election under section 933(a), and, proper notice of such election being given, would relieve the employer from the payment of compensation—the deputy commissioner would return the money so paid into the special fund. In the event that, subsequent to the payment into the fund, it should be determined there were persons entitled to be paid compensation, the money could be returned to the employer, or, in a proper case, be required by the deputy commissioner to be deposited with the Treasurer of the United States to secure the prompt and convenient payment of such compensation.[7] Should the condition arise for the return of the special compensation payment of $1,000, of course, the assignment created under section 933(c) would be nullified. In this manner all persons would be fully protected in their rights under the act. But, be this as it may, as we have held above, section 933(c) is the

---

[6] 33 U.S.C.A. § 944 (f).

[7] 33 U.S.C.A. § 914 (i).

only section under the act in a case like the one at bar which allows an assignment of the right of the legal representative to the employer to bring an action to recover damages from a third person for the death by wrongful act of an employee. By it, the payment is made a condition precedent for the assignment to the employer.

■ In this case, the action was brought by the employers for themselves, the insurance Company, and the next of kin, under the theory that the act created in them the right to maintain such action. However, the declaration fails to aver the pertinent fact which brings them within the operation of the statute. It does not allege facts sufficient to create the assignment of the right of the legal representatives to recover damages against a third party as set forth in section 933(c). It alleges that in the future the plaintiffs would be required to pay the sum of $1,000 into the special fund established under section 944. Thus, it is clear on the face of the declaration that the appellants had not paid this money into the fund. Since it is the payment of the $1,000 into the special fund that creates the statutory assignment to the employer of the rights of the legal representative to recover such damages, enabling him to proceed under the death by wrongful act statute, the failure to allege payment of this sum into the special fund is fatal to the claim of plaintiffs that they were subrogated to the right of the personal representative. The original declaration does not show such payment performed, hence the demurrer was properly sustained as to it.

■ Pending the action, a new situation developed. The amended declaration, upon which no process issued, states that plaintiffs paid on December 21, 1937, $1,000 into the special fund as provided in section 944(c). It is their contention that this payment created the statutory assignment vesting in them the right to maintain the action for wrongful death; that the amended declaration relates to their original declaration and thus cures the defect of which we have spoken, namely, the nonpayment of money into the fund. On the other hand, the appellee contends that the amended declaration sought to show a cause of action which was not alleged at the time of the filing of the original action and which was not in existence at that time; that a new cause of action was thereby sought to be maintained and that the second declaration cannot be considered as an amendment to the original.

In our view of the case, the amended declaration stated a new cause of action. It is not an amendment of a cause of action defectively stated. The essential difference in the two declarations is the statement of a fact in the amended declaration which did not exist at the time the original was filed and therefore cannot be considered as an amendment thereto. We cannot agree that it relates to the original declaration, but think it essentially independent thereof. We reach this conclusion upon the authority of United States ex rel. Texas Portland Cement Co., v. McCord, 233 U.S. 157, 164, 34 S.Ct. 550, 58 L.Ed. 893; American Bonding & Trust Co., v. Gibson County, 6 Cir., 145 F. 871, 874, 7 Ann.Cas. 522; and, Eveland v. Detroit Machine Tool Co., D.C., 18 F.2d 968, 969.[8]

In the McCord case, supra, it is said [233 U.S. 157, 34 S.Ct. 553, 58 L.Ed. 893]: "* * * it is elementary that an amendment dates back to the filing of the petition, and is to supply defects in the cause of action then existing, or at most to bring into the suit grounds of action which existed at the beginning of the case." In the Gibson County case, supra, it is said: "Plaintiff's suit was prematurely brought, and no amendment declaring upon a cause of action which did not exist when the suit was commenced would cure such a defect. If no cause of action existed when the suit was started, there was nothing to amend, and when this fact appeared, and objection was made, the suit should have been dismissed without prejudice to an action upon the cause of action which did accrue when the architect audited the claim. It was not a case of a cause of action defectively stated. Such a defect is amendable. Neither was it a case of a new cause of action brought in by amendment, which existed when the suit was

---

8 Additional authorities on this point are: Simerson v. St. Louis & S. F. R. Co., 8 Cir., 173 F. 612, 614; City of Trinidad v. Hokasona, 8 Cir., 178 F. 438, 440; United States Fidelity & Guaranty Co., v. Thaggard, 130 Ga. 701, 61 S.E. 726; Hollingsworth v. Flint, 101 U.S. 591, 596, 25 L.Ed. 1028; Young v. Peoples Bank, 163 S.C. 57, 161 S.E. 324, 329; Dempsey v. Langton, 266 Mich. 47, 253 N.W. 210, 212; Veginan v. Morse, 160 Mass. 143, 35 N.E. 451.

brought. It was an effort to declare and recover upon a cause of action which arose pending the suit.

"Plaintiff's right to any recovery depended upon its right at the inception of the suit, and the nonexistence of a cause of action when the suit was started is a fatal defect, which cannot be cured by the accrual of a cause pending suit." While the Eveland case, supra, declares: "Although courts in general, and this court, should be, and are, liberal rather than strict in allowing amendments to pleadings in the furtherance of justice, yet it is a fundamental, essential element of an amendment to a declaration that such amendment must relate to the time of, or prior to, the filing of such declaration [cases]. This principle is applicable not only to a case where the suit as originally commenced is not supported by any valid cause of action [cases] but also to a case where, as here, it is sought to add, by amendment, a cause of action acquired by the plaintiff after the commencement of the suit to a cause of action on which such suit has already been commenced * * *".

In this case the plaintiffs acquired the cause of action relied upon in their amended declaration subsequent to the commencement of the original action. We, accordingly, affirm the judgment of the district court.

Judgment affirmed.