## HEBIA v. SELECT LAKE CITY THEATRE OPERATING CO. et al.

### No. 49 C 159.

United States District Court,
N. D. Illinois, E. D.

July 24, 1950.

Hanson & Doyle, Chicago, Ill., for plaintiff.

O'Brien, Hanrahan & Keogh, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

Plaintiff fell and sustained personal injuries in front of a theatre owned and operated by the defendants, and brings the present action based upon the alleged negligence of the defendants. Defendants move to dismiss the complaint on the grounds that it charges defendants with the duty of lighting and maintaining a public sidewalk, that it alleges various acts of negligence but fails to state which one is the proximate cause of the injuries, that the action is barred by the Statute of Limitations, and that plaintiff is not the real party in interest and, hence, is not entitled to maintain the action.

Defendants, in their briefs, devote most of their argument to the last-named contention, i. e., that plaintiff is not the real party in interest within the meaning of Rule 17(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. The basis for this contention is that compensation was paid to plaintiff under the New York Workmen's Compensation Act, Consol.Laws, c. 67, which provides in Section 29 thereof:

"1. If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee * * * may take * * * compensation and medical benefits and * * * pursue his remedy against such other * *. If such injured employee * * * desire to bring action against such other, such action must be commenced * * * in any event before the expiration of one year from the date such action accrues. * *

"2. If such injured employee * * * has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other * * * to the person, association, corporation or insurance carrier liable for the payment of such compensation. If such * * * person, association, corporation or carrier, as such an assignee, recover from such other * * * a sum in excess of the total amount of compensation awarded to such injured employee * * * and the expenses for medical treatment paid by it, together with the reasonable and necessary expenditures incurred in effecting such recovery, it shall forthwith pay to such injured employee * * * two-thirds of such excess, and to the extent of two-thirds of any such excess such recovery shall be deemed for the benefit of such employee * * *."

Subsequent to the above motion, plaintiff amended his complaint so as to name his employer and insurance carrier. Defendants renew their motion to dismiss for the same reasons previously expressed.

The Court is of the opinion that the New York Compensation Act effects a statutory assignment of the substantive right of action, thereby precluding plaintiff from maintaining the instant suit. This same problem has been previously analyzed thoroughly in the case of Alexander v. Creel, D.C., 54 F.Supp. 652, 662, wherein it was stated:

" * * * The statute in question does not merely specify a limit for judicial enforcement of the cause of action against the third party; it does not abolish the complete cause of action, nor does it cut off all remedy thereon. It contemplates the continued vitality of the cause of action and defines the rights of the employer (or insurer) and employee in and to the cause of action, specifying title rights. It subordinates the employee's title in the first instance to the employer's or insurer's lien. It then specifies the conditions under which such encumbered title is divested from the employee and the absolute title vested in

the employer or insurer. When this statutory assignment of the cause of action occurs, the lien of the employer or insurer merges in his title, and no corresponding lien, right or control of the cause of action is granted back to the employee. If, and only if, a sum in excess of compensation payments and legal expenses is recovered by the employer, or insurer, as assignee—which may be by suit or settlement—does any right accrue to the employee, and this right is merely a personal obligation of the employer or insurer to pay the employee not this excess amount, but two-thirds only of such excess. It might be said that the statute gives the employee a specified period of time within which to elect to assign to the employer or insurer title to the cause of action, 'if such injured employee * * * has taken compensation' under the Act. As applied to the facts of this case, the conditions specified in the statute are, as the payment of compensation in Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, conditions precedent for the assignment to the employer's insurer of the cause of action. Under the conditions here involved, the statute operated to abolish plaintiff's title in the cause of action by effecting an assignment thereof to the employer's insurer.

"Coincident with its payment of compensation, by virtue of the statutory conditions, the insurer acquired a substantive property right, namely, title as assignee to this cause of action. To construe this statute merely as a procedural limitation which need not be recognized, would be to ignore the title which thereby vested in the insurer."

Plaintiff cites the case of United States v. Aetna Surety Co., 338 U.S. 336, 70 S.Ct. 207, in support of his contention that the defect may be remedied by means of the employee naming the employer or insurance carrier as a co-plaintiff. It is true that the Aetna case contains certain language that, at first blush, would appear to sanction such procedure. However, it should be noted that the Supreme Court was disposing of three other similar cases in the same decision, in one of which at least, the whole compensation claim had not been paid by the insurance carrier. It is the opinion of this Court that the Supreme Court intended its statement of the law regarding compelling joinder of parties plaintiff to apply only in the situation where but part of the claim has been paid, and had no reference to the facts as they exist in the instant cause.

Since, therefore, plaintiff is not the real party in interest and is not entitled to sue, it follows that his amended complaint is bad for the reason that he has no standing to compel the joinder of his employer or insurance carrier as a party plaintiff.

Defendants' motion to dismiss the amended complaint is therefore granted and the same is hereby dismissed.