## McALLISTER LIGHTERAGE LINES, Inc.
## v. PENNSYLVANIA R. CO.
## The McALLISTER NO. 83.

United States District Court,
E. D. New York.
March 13, 1951.

.Burlingham, Veeder, Clark & Hupper, New York City, for respondent, John Belford, New York City, of counsel.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for United States, Gilbert S. Fleischer, New York City, of counsel.

INCH, Chief Judge.

On February 26, 1948 the McAllister Lighterage Lines, Inc. filed a libel, as charterer in possession of the barge McAllister No. 83, to recover for damage to the barge alleged to have occurred while in possession of the Pennsylvania Railroad Company, as sub-charterer, during the period from July 4, 1945 to February 28, 1946. As will appear below the damage to the barge occurred on *January 19, 1946.*

On *July 14, 1948* the respondent Railroad Company filed its answer and a petition impleading the United States of America and the Meseck Towing & Transportation Co. alleging that the damage to the barge was sustained on January 19, 1946 and was caused by the fault or neglect of the government owned steamship Cape Fear, assisted by tugboats owned by Meseck Towing & Transportation Co. It was alleged that the Cape Fear, assisted by the tugs,

while maneuvering to enter the slip on the North side of Pier 2, North River, brought her starboard side into collision with the McAllister No. 83, which was moored to the end of Pier 2, causing the damage claimed.

On November 10, 1948 the respondent Railroad Company filed an amended petition against the United States of America and the Meseck Towing Lines, Inc., as operator of the assisting tugboats.

Neither a notice of appearance nor an answer to the impleading petitions has been filed by the government.

On *February 10, 1951* the government appeared specially and filed an exception to the impleading petitions on the ground that the petitions were not timely filed in accordance with the Suits in Admiralty Act which provides that any suit under the Act "shall be brought within two years after the cause of action arises". 46 U.S.C.A. § 745.

There are now two motions before me. The first motion is by respondent Railroad Company to strike out the government's exception to the petitions on the ground that the exception is not timely made in accordance with the local Admiralty Rules of this court. The second motion is by the government on the merits of its exception.

■ I agree that ordinarily respondent's motion to strike the government's exception might be granted on the ground that the exception is not timely filed in accordance with Admiralty Rules 13 and 14, 28 U.S.C.A. of the Eastern District of New York. However, to do so in the present case would serve no useful purpose, since it is clear that the government would ultimately prevail in dismissing the impleading petitions on the basis urged in the exception. Thus, in the interest of shortening the instant litigation, I shall permit the government's exception to stand in accordance with the above Admiralty Rules, which grant the court power to allow the government "further time" to file its answer and exception. Accordingly, respondent's motion to strike the government's exception is denied.

■ With respect to the merits of the exception, it is plain that the exception must be sustained, and the petitions against the government dismissed. Both impleading petitions were filed more than two years after the alleged collision, and they seek to implead the government as an additional or sole tort-feasor and not as an indemnitor. Under such circumstances respondent is barred from impleading the government. See Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490, 494, certiorari denied 338 U.S. 899, 70 S.Ct. 249. Accordingly the impleading petitions should be and are dismissed.

Settle orders.