**J. L. BRUNER, Plaintiff,**

v.

**SKIBSAKTIESELSKABET HILDA KNUDSEN, Defendant.**

**J. L. BRUNER, Plaintiff,**

v.

**SKIBSAKTIESELSKABET HILDA KNUDSEN, Defendant.**

**Civ. A. No. 7587, No. 1209.**

United States District Court
S. D. Texas, Houston Division.

April 26, 1954.

---

Mandell & Wright, Houston, Tex., and W. L. Standard, New York City, for plaintiff.

Royston & Rayzor, Houston, Tex., and Haight, Deming, Gardner, Poor & Havens, New York City, for defendant.

CONNALLY, District Judge.

In these two actions, the same complainant has alleged a cause of action at admiralty and at law to recover from the same respondent for the same personal injuries. The two actions are considered together.

It seems undisputed that the complainant, a longshoreman, received certain personal injuries while working on the dock area near the side of a vessel of the respondent on October 23, 1950; that he sought benefit of the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., and in due time followed the statutory procedures therein provided until his compensation claim was finally terminated by compromise settlement February 25, 1952; that the admiralty action was instituted December 2, 1952, and the civil action January 22, 1953, in the District Court of the United States for the Southern District of New York. Each thereafter was transferred to this Court under Section 1404(a) of 28 U.S.C.A.

The respondent moves to dismiss on the grounds that the civil action is barred by the Texas two-year statute of limitation, Art. 5526, R.C.S., and the admiralty action barred by the doctrine of laches, by analogy to the two-year statute.

The question is thus posed whether the statute was tolled for the period during which the compensation proceeding was pending.

Respondent concedes that no Texas case authority supports its view that limitation was uninterrupted from the date of the accident. It urges that a literal reading of the Workmen's Compensation Act of Texas supports this view, as well as logic and reason. Respondent makes the second point that had the complainant's injury been received on board the vessel rather than on the dock beside it, the compensation claim would have been asserted under the Longshoremen's and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., and the present actions would be barred, citing Webster v. Clodfelter, 76 U.S. App.D.C. 171, 130 F.2d 434; Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, and other cases.

Complainant, on the other hand, cites Fidelity Union Cas. Co. v. Texas Power & Light Co., Tex.Civ.App., 35 S.W.2d 782; Texas Employers' Ins. Ass'n v. Texas & P. Ry. Co., Tex.Civ.App., 129 S.W.2d 746; and Webster v. Isbell, Tex. Civ.App., 71 S.W.2d 342. The language in these three opinions lends strong support to the complainant's contention that the statute is tolled during the compensation interval. Despite the fact that this language may not, as respondent contends, have been necessary for a decision of those cases on the merits, I do not feel that the clear expression by three of the Appellate Courts of the State may be so lightly treated. In the absence of some authority to the contrary, these cases establish a trend of Texas authority which this Court is inclined to follow. This being the case, it is not necessary to explore further the desirability or logic of this interpretation which the Texas authorities place upon the Texas law, or the result which would have been reached had a different statute applied.

The motion to dismiss in each action is denied. Clerk will notify counsel.