Conley R. POTEET, and H. W. Poteet,
Appellants,

v.

LIBERTY MUTUAL INSURANCE COM-
PANY, a body corporate, Appellee.

No. 1537.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 30, 1954.

Decided Sept. 22, 1954.

Samuel W. McCart, Washington, D. C., for appellants.

Charles E. Channing, Jr., Washington, D. C., with whom Hugh Lynch, Jr., Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

In November 1947 Mebane, an employee of Julius Garfinckel and Company, was injured in the course of his employment when a delivery truck in which he was riding was involved in a collision with an automobile of the Poteets. Within two weeks after the injury Liberty Mutual Insurance Company, the Workmen's Compensation insurance carrier for Garfinckel, paid to Mebane the amount of compensation required by the Longshoremen's and Harbor Workers'

Compensation Act.[1] In June 1950, Mebane filed with the Employees' Compensation Commission a claim for compensation. Acting thereon the deputy commissioner entered a compensation order making an award to Mebane of the amount which had been paid to him. Thereafter, this suit was brought by the insurance company against the Poteets, as assignee of Mebane's cause of action. The case was tried by jury which decided in favor of the insurance company. The Poteets appeal.

■ Their first contention is that if Mebane had a cause of action against them it was not assigned to the insurance company under section 33(b) of the Act. That section provides that "[a]cceptance of such compensation *under an award in a compensation order filed by the deputy commissioner* shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."[2] Appellants argue that the phrase "under an award" means *after* an award, and that in the present case, compensation having been fully paid more than two years before an award was filed, compensation was not accepted under an award, and Mebane's cause of action was never transferred to anyone.

The portion of section 33(b) which we have italicized was added in 1938.[3] Prior to that time it had been held that mere acceptance of compensation operated as an assignment to the employer of the injured employee's cause of action against a third party tort-feasor.[4] Because it was felt that "[a]cceptance of compensation without knowledge of the effect upon such rights may work grave injustice," the Act was amended so as to provide for automatic assignment only upon acceptance of compensation under an award, "thus giving opportunity to the injured person * * * to consider the acceptance of compensation from the employer with the resulting loss of right to bring suit in damages against the third party, or a refusal of compensation so as to pursue the remedy against the third party alleged to be liable for the injury."[5]

This change in the Act was made at the suggestion of the Employees' Compensation Commission. It would be helpful to recite that, testifying before the House Judiciary Subcommittee considering the bill, the Chief Counsel of the Commission said, concerning the purpose of the amendment: "The sole reason for that is that the man shall have had the opportunity first to come in contact with the Deputy Commissioner so as to learn what his rights are before he permits them to be assigned. The obligation is still upon the employer or the insurance carrier of the employer to provide for that man, because he is injured in the employment, has to pay the compensation and provide the medical attention. But that does not work an assignment of the man's rights until he has time to consider before he makes his determination."[6] Accordingly, under section 14 of the Act the employer must begin compensation payments on the fourteenth day after learning of the injury, unless liability to make such payments is contested.[7]

■ From all of this it is abundantly clear that Congress did not intend to bar assignment of an employee's cause of action in cases where an award is entered after compensation payments have been made

1. Act of March 4, 1927, c. 509, 44 Stat. 1424, as amended 33 U.S.C.A. § 901 et seq. which is made applicable in the District of Columbia by Code 1951, §§ 36–501, 36–502, 33 U.S.C.A. § 901 note.

2. 44 Stat. 1440, as amended 33 U.S.C.A. § 933(b). (Emphasis supplied.)

3. Act of June 25, 1938, c. 685, § 12, 52 Stat. 1168.

4. Toomey v. Waterman S. S. Corporation, 2 Cir., 123 F.2d 718; The Nako Maru, 3 Cir., 101 F.2d 716, certiorari denied, 307 U.S. 641, 59 S.Ct. 1039, 83 L.Ed. 1522.

5. H.R.Rep.No.1945, 75th Cong., 3d Sess. 9 (1938); Sen.Rep.No.1988, 75th Cong., 3d Sess. 9 (1938).

6. Hearings before Subcommittee No. 4, Committee on the Judiciary, House of Representatives, on H.R. 3625 and H.R. 5690, 75th Cong., 1st Sess. (1937), p. 21.

7. 44 Stat. 1432, as amended 33 U.S.C.A. § 914.

or completed. Indeed, the entire tenor of the Act points to the opposite conclusion. It was intended to provide payments to the injured employee immediately after the injury.[8] If appellants are correct in their construction of the Act, employers would lose their right to an assignment under section 33(b) by the very act of complying with section 14. We think such a result was never intended. On the contrary, the procedure followed in this case was within the terms and intent of the Act. Here, payments were made according to section 14, and the injured employee, Mebane, did not elect to sue the third party under section 33(a). Instead a claim for compensation signed by Mebane was filed with the Commission under section 19.[9] Acting upon that claim, the deputy commissioner awarded to Mebane the exact sum which the insurance company had paid him. The record shows that Mebane never opposed any step in this proceeding; nor did he ever indicate an intention not to accept compensation, though he had ample opportunity to make such an election. Thus the rights of Mebane were fully protected by strict adherence to the procedures set out in the Act, and there is no question but that he accepted compensation which was provided for by an award in a compensation order filed by the deputy commissioner. Consequently, we hold that Mebane's cause of action was assigned to his employer by operation of section 33(b).

Nothing in the cases cited by appellants is to the contrary.[10] None of them involved situations like ours, where an award was entered after compensation had been paid and accepted. And in none of them was the Act given a construction different from that which we have reached.

■ But appellants argue that even if section 33(b) effected an assignment, it was to the employer, Garfinckel and Co., and not to the insurance company. A complete answer to this contention is found in section 33(i), which provides: "Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section." [11] This express language need not be elaborated on. Quite clearly it gives the insurance carrier whatever rights the employer has, and if the employer has the right to sue a third party as assignee of the injured employee, then the insurance carrier is subrogated to that same right.[12] Unquestionably, therefore, the insurance company was entitled to bring this action.

■ Appellants next contend that recovery by the insurance company is barred by the contributory negligence of Mebane, the injured employee. There was testimony that at the time of the accident, the right door of the delivery truck, which was not a swinging door, but which slid back into the body of the truck, was fastened in an open position; that no seat was provided for Mebane; and that he was riding on a "down step" inside the open right door. Appellants cite section 112 of the D. C. Traffic and Motor Vehicle Regulations which provides that: "No motor vehicle shall be operated with front doors, side doors, or rear doors tied open or swinging." They argue that Mebane violated this regulation and was guilty of contributory negligence as a matter of law. We think the trial court was correct in submitting the issue of contributory negligence to the jury. We need not

8. American Stevedores v. Porello, 330 U.S. 446, 456, 67 S.Ct. 847, 91 L.Ed. 1011.

9. 44 Stat. 1435, as amended 33 U.S.C.A. § 919.

10. American Stevedores v. Porello, supra; Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263; Grasso v. Lorentzen, 2 Cir., 149 F.2d 127, certiorari denied, 326 U.S. 743, 66 S.Ct. 57, 90 L.Ed.

444; American Employers Ins. Co. to Use of Walker v. Benjamin Foster Co., D.C. E.D.Pa., 86 F.Supp. 711; Iaria v. Silver Line, D.C.S.D.N.Y., 56 F.Supp. 42.

11. 52 Stat. 1168, 33 U.S.C.A. § 933(i).

12. Moore v. Hechinger, 75 U.S.App.D.C. 391, 127 F.2d 746; United States Fidelity & Guaranty Co. v. United States, 2 Cir., 152 F.2d 46.

consider the purpose of the regulation cited, for even if we assume that it was intended to prevent the sort of injury here involved, there was no evidence whatever that Mebane was responsible for the opening of the door, or for the operation of the vehicle. On the contrary, the inference may reasonably have been drawn that he exercised no such control, and therefore did not violate the regulation, which prohibits *operation* of vehicles with open doors.

Appellants have also raised a jurisdictional question, which we have found to be without substance.

· Affirmed.