**HARTFORD ACCIDENT & INDEMNITY COMPANY, Libellant,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.

April 29, 1955.

Joseph D. Edwards, New York City, for libellant.

J. Edward Lumbard, U. S. Atty., New York City, Benjamin H. Berman, New York City, of counsel, for respondent, appearing specially.

WEINFELD, District Judge.

The respondent, appearing specially, has excepted to the libel on the ground that the suit is time barred, not having been commenced within two years after the alleged cause of action arose as required by the Public Vessels Act.[1] The libellant cross-moved for summary judgment.

The libellant was the insurance carrier which had covered the employees of Salvage Process Corporation under a policy issued pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The libel alleges that: on September 8, 1951 one Olaf Ellingsen, an employee of Salvage Process Corporation, was aboard the respondent's vessel; while performing his duties as a tank cleaner he sustained injuries as a result of which he died; such death was due to the negligence of the respondent; Salvage Process Corporation, his employer, on September 10, 1951 notified the Employee's Compensation Commission of the injuries and death of Ellingsen; thereafter it was determined that Ellingsen had no dependents entitled to compensation and consequently a claim was made to the United States Employees Compensation Commission under § 44(c) (1) of the Act, 33 U.S.C.A. § 944(c) (1);[2] after

---

1. 46 U.S.C.A. § 782, which provides that suits thereunder "shall be subject to and proceed in accordance with the provisions of chapter 20 of this title or any amendment thereof * * *". Chapter 20, the Suits in Admiralty Act, provides in § 745 that suits thereunder shall "be brought within two years after the cause of action arises * * *".

2. "Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this chapter to compensation for such death * * *".

hearings before a Deputy Commissioner it was determined that the death was causally related to decedent's employment and on December 3, 1953 an order was duly entered by the Compensation Commission directing libellant, as compensation carrier for Salvage Process Corporation, to pay the sum of $1,000 into the special fund referred to in § 44(c) (1) of the Act; upon the issuance of the formal order the libellant became the statutory assignee of decedent's right to institute this action against respondent.[3] It further appears that on December 7, 1953 the libellant paid the amount of the award into the Treasury of the United States and seeks to recover that sum from the respondent.

The libel alleges that the suit is brought under the "General Maritime Law * * * and more specifically the Public Vessels Act". The latter requires that suits shall be brought "within two years after the cause of action arises". The libel was not filed until March 18, 1954, more than two and a half years after Ellingsen's death. But the libellant contends that the action is not time barred since the award was not made until December 3, 1953 and that its rights accrued at that time as assignee of the rights of the deceased's representative and not at the date of death, September 8, 1951. In this I think libellant is mistaken.

■ The claim against respondent, stripped to its essentials, is grounded upon negligence. The payment of $1,000 into the special fund effected a statutory assignment to the employer, under § 933(c) of the Act, of such right of action for wrongful death as existed in favor of the legal representatives of the deceased.[4] But as such assignee the employer acquired no greater rights than decedent's representatives had as against the third party allegedly liable for decedent's death. In authorizing the employer to prosecute the action the Compensation Act did not create a new cause of action against the wrongdoers.[5] The representative's cause of action accrued at the date of death and the two-year limitation period of the Public Vessels Act commenced to run from that date.[6]

■ Neither is libellant's position helped by the assertion that the suit is also brought under the General Maritime Law. No action for wrongful death will lie under the General Maritime Law, although a right to recover may be authorized by state action.[7] New York State, of which deceased was a resident, grants such a right but the action must be commenced "within two years after the decedent's death."[8] Both the Public Vessels Act and the New York Decedent's Estate Law created a right of action where none existed previously, and the limitation period contained in each is

---

3. "The payment of such compensation into the fund established in section 944 of this chapter shall operate as an assignment to the employer of all right of the legal representative of the deceased (hereinafter referred to as 'representative') to recover damages against such third person, whether or not the representative has notified the deputy commissioner of his election." 33 U.S.C.A. § 933(c).

   "Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding." 33 U.S.C.A. § 933(d).

4. Webster v. Clodfelter, 76 U.S.App.D.C. 171, 130 F.2d 434, 143 A.L.R. 280, certiorari denied 317 U.S. 689, 63 S.Ct.

261, 87 L.Ed. 552; Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263. See also Doleman v. Levine, 295 U.S. 221, 228, 55 S.Ct. 741, 79 L. Ed. 1402; Christensen v. United States, 2 Cir., 194 F.2d 978, 981.

5. Webster v. Clodfelter, supra, note 4.

6. Gregory v. United States, 2 Cir., 187 F. 2d 101; cf. McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26; Rodinciuc v. United States, 3 Cir., 175 F.2d 479; Kunglig Jarnvagsstyrelsen v. United States, 2 Cir., 19 F.2d 761.

7. Lindgren v. United States, 281 U.S. 38, 43, 47, 50 S.Ct. 207, 74 L.Ed. 686; Western Fuel Co. v. Garcia, 257 U.S. 233, 240, 42 S.Ct. 89, 66 L.Ed. 210.

8. McKinney's Consolidated Laws (N.Y.), c. 13, Decedent's Estate Law, § 130.

a matter of substance limiting the right as well as the remedy.[9] Thus under either the Public Vessels Act or the Decedent's Estate Law of New York the claim is time barred.

But the libellant seeks to overcome its failure to file timely suit upon a contention that the Compensation Commission's failure to make the award until more than two years after the decedent's death prevented it from making the required payment into the special fund, and hence it could not acquire its right to sue as an assignee prior to the expiration of the limitation period; that since the Compensation Commission is a governmental agency, the respondent—the government—should be estopped on equitable grounds from advancing the plea of time bar. This distorts the issue. The operative fact in the claim against the respondent as a third party wrongdoer is not the assignment in favor of the employer under § 933(c) of the Act but the respondent's conduct which allegedly constituted a breach of its duty to provide the deceased with a reasonably safe place to work. To put the issue in proper focus, we need only assume that respondent is a private corporation. Non-action of the Deputy Commissioner cannot defeat the rights of the third party to its defense of limitation. And there is nothing in the Compensation Act which authorizes an enlargement of time within which the employer or its carrier may bring suit for negligence against third parties.[10] Neither does the fact that the Government is the vessel owner enlarge libellant's time.

The employer is not without a remedy in the event of unseasonable delay by the Compensation Commissioner in making a determination. The payment required under § 944(c) (1) of the Act may be made into the special fund without prejudice to recovery in the event it is found that the employer was not liable;[11] or the employer may even have available to him mandamus proceedings to compel action by the Deputy Commissioner.

A contention somewhat similar to that here advanced by libellant was urged on behalf of an employee and rejected by the Supreme Court in McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17. There a seaman brought a suit in admiralty upon two counts, one based on negligence and unseaworthiness and the other for maintenance and cure. The libel was filed under the Clarification Act, 50 U.S.C.A. Appendix, § 1291(a), which authorizes suit by a seaman after his claim was "administratively disallowed in whole or in part". The wrongs were alleged to have occurred in November and December, 1945 but the libel was not filed until January 22, 1948. The claim was enforceable pursuant to the provisions of the Suits in Admiralty Act which require suits to be commenced within "two years after the cause of action arises." 46 U.S.C.A. § 745.

The employee contended that he could not sue until his claim had been administratively disallowed, and accordingly urged the two-year period was to be computed from that date rather than from the date of the injury—an argument closely akin to that which libellant here urges. The plea was rejected, the Supreme Court holding that the period of limitation is to be computed from the date

9. Engel v. Davenport, 271 U.S. 33, 38, 46 S.Ct. 410, 70 L.Ed. 813; Sgambati v. United States, 2 Cir., 172 F.2d 297; Osbourne v. United States, 2 Cir., 164 F.2d 767; Alcoa Steamship Co. v. United States, D.C.S.D.N.Y., 94 F.Supp. 406, 408. Cf. Atlantic Coast Line R. Co. v. Burnette, 239 U.S. 199, 36 S.Ct. 75, 60 L.Ed. 226; Flynn v. N. Y., N. H. & H. R. Co., 283 U.S. 53, 51 S.Ct. 357, 75 L. Ed. 837; Crescitelli v. United States, 3 Cir., 159 F.2d 377; Kakara v. United States, 9 Cir., 157 F.2d 578; Piascik v. United States, D.C.S.D.N.Y., 65 F.Supp. 430.

10. Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, 265; Webster v. Clodfelter, 76 U.S.App.D.C. 171, 130 F.2d 434; Zirpola v. T. & E. Casselman, 237 N.Y. 367, 143 N.E. 222.

11. Chapman v. Griffith-Consumers Co., 71 App.D.C. 64, 107 F.2d 263, 266.

of injury. Further, acknowledging that the Act was entitled to a liberal construction since it was intended for the benefit of seaman, nevertheless the Court stated "it is equally true that statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." [12]

The claimed inaction of the Deputy Commissioner affords no ground for tolling either the Public Vessels Act or the Decedent's Estate Law under which the limitation period is part of the right to sue. The rule here imposed is no more rigid than that which denies a tolling of like statutes due to a litigant's disability to sue by reason of infancy, insanity, delayed action by defendant's fraud, or the like. Indeed, the rule is so strongly entrenched that the limitation period may not be waived by government counsel or its representatives.[13] It has also been held that the government may not be impleaded as a joint or sole tort feasor when the impleading petition is made more than two years from the time the cause of action arose; and the fact that the libel against the original respondent was filed within two years of the injury is not material.[14]

The only exception I have found to this rigid requirement is Osbourne v. United States, 2 Cir., 164 F.2d 767, where the Court did toll the statute of limitations in a suit against the United States by a seaman during the time he was held a prisoner of war by the enemy. But the ruling turned on the "extraordinary circumstance that throughout the period when he ought to have brought suit, the courts were unavailable to him as a prisoner in the hands of the enemy." [15]

The libellant's motion for summary judgment is denied. The exception filed by the respondent on the ground that the suit is time barred is sustained. This disposition makes it unnecessary to consider respondent's further exception that the libel fails to state facts sufficient to constitute a cause of action in that no right to recover damages for death of the decedent exists under the General Maritime Law.

Settle decree in accordance with the foregoing.

---

12. 342 U.S. 25, 27, 72 S.Ct. 17, 19.

13. Osbourne v. United States, 2 Cir., 164 F.2d 767, 768; Wallace v. United States, 2 Cir., 142 F.2d 240, 242; see also Norris, The Law of Seamen, vol. 2, § 626.

14. Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490, certiorari denied 338 U.S. 899, 70 S.Ct. 249, 94 L.Ed. 553; McAllister Lighterage Lines, Inc., v. Pennsylvania R. Co., D.C.E.D.N.Y., 99 F.Supp. 648; Norris, The Law of Seamen, vol. 2, § 626.

15. 164 F.2d 767, 768–769. In a later case, Sgambati v. United States, 2 Cir., 172 F.2d 297, 298, Judge Frank noted that the ruling in the Osbourne case was based upon a showing of "impossibility of access to the courts within the period".