**LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
July 17, 1956.

John P. Smith, New York City, Leland Beck, Ithaca, N. Y., of counsel, for plaintiff.

Paul W. Williams, U. S. Atty., by Ruth Kearney, Asst. U. S. Atty., New York City, for defendant.

WEINFELD, District Judge.

The defendant, appearing specially, moves to dismiss the complaint on the grounds that: (1) the suit is cognizable only in admiralty; (2) the suit is time barred; and (3) the suit is for a penalty not recoverable against the Government since it has not waived sovereign immunity with respect to suits for penalties.

The complaint alleges that: the plaintiff was the workmen's compensation insurance carrier for the Imparato Stevedoring Corporation; on March 16, 1952, one Leo Migliori, an employee of Imparato, was fatally injured in the course of his employment on Pier 13 Staten Island, New York, as a result of the negligence of the defendant with respect to the operation of the steamship S. S. John Evans; thereafter on April 27, 1955, pursuant to an order of the New York Workmen's Compensation Board dated April 19, 1955, the plaintiff made a payment of $769.79 into a special fund in accordance with §§ 15(8), 15(9) and 25–a of the New York Workmen's Compensation Law, McK.Consol.Laws, c. 67. The complaint further alleges that the action is brought under 28 U.S.C. § 1346(a) (2), the Tucker Act, and is an "action created by Section 29, subdivision 5 of the Workmen's Compensation Law of the State of New York, over and apart from any cause of action in negligence for wrongful death."

It will be observed that there is a time lag of more than three years from the date of the accident to the date of payment, recovery of which is sought. Apparently the plaintiff is attempting to avoid any question of the two-year statute of limitations applicable to the Public Vessels Act [1] by asserting jurisdiction under the Tucker Act. However, that Act permits suits against the Government "for liquidated or unliquidated damages *in cases not sounding in tort*". (Emphasis supplied.) Under the laws of the State of New York an action founded on § 29(5) of its Workmen's Compensation Act is one sounding in tort;[2] it is one "predicated upon the * * * negligent conduct of a third party and, in the absence of any wrongdoing, no recovery may be had * * ."[3] Since by its express terms the Tucker Act excludes cases sounding in tort, the complaint must be dismissed. The dismissal, however, is without prejudice to any new action which plaintiff may be advised to bring since it may have a cause of action under another statute.

This disposition makes it unnecessary to consider other contentions advanced by the Government.

Settle order on notice within five days from the date hereof.

1. Cf. Hartford Accident & Indemnity Co. v. United States, D.C.S.D.N.Y., 130 F.Supp. 839.

2. Liberty Mutual Ins. Co. v. George Colon & Co., 260 N.Y. 305, 183 N.E. 506; Phoenix Indemnity Co. v. Staten Island Rapid Transit Ry., 251 N.Y. 127, 167 N.E. 194.

3. Royal Indemnity Co. v. Atchison, T. & S. F. Ry., 272 App.Div. 246, 70 N.Y.S. 2d 697, 701, affirmed 297 N.Y. 619, 75 N.E.2d 631.