**UNITED NEW YORK SANDY HOOK PILOTS' ASSOCIATION and The United New Jersey Sandy Hook Pilots' Association, etc., Libelants,**

v.

**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.
March 8, 1961.

Edward R. Downing, New York City, proctor for libelants.

Morton S. Robson, U. S. Atty., for the Southern District of New York, New York City, proctor for respondent; Louis E. Greco, Atty. in Charge, Admiralty and Shipping Section, Dept. of Justice, Washington, D. C., by Walter L. Hopkins, Atty., Admiralty and Shipping Section, Dept. of Justice, New York City, of counsel.

DAWSON, District Judge.

This is a motion made by the Government to dismiss a libel brought under the provisions of the Public Vessels Act, 46 U.S.C.A. §§ 781–790. The Government contends that the statute of limitations has run on the claim.

The libelants, The United New York Sandy Hook Pilots' Association and The United New Jersey Sandy Hook Pilots' Association, are the joint owners of the pilot boat "New York." The libel alleges that on May 30, 1958 the "New York" was involved in a collision with a United States Coast Guard Cutter in New York Harbor. As a result of this collision, the libel alleges that one Harvey Lowenstein, a crewman aboard the Coast Guard Cutter, was seriously injured. Libelants contend that this injury was caused solely by the negligence of the defendant as owner and operator of the Cutter. It is further alleged by the libelants that they are presently being sued by Lowenstein for $250,000 in the Supreme Court of the State of New York, County of Queens, all of which sum they may be obliged to pay. Libelants ask that this Court render a decree awarding them $250,000, together with costs and disbursements. It is clear that if this Court has jurisdiction, it has the authority to stay the action pending the determination of libelants' liability in the state court proceeding. See Moran Towing & Transportation Co. v. United States, D.C., 56 F.Supp. 104.

The Court's jurisdiction, however, is dependent upon whether the statute of limitations has run on this cause of action. The statute requires that suits such as this must be brought within two years from the inception of the cause of action. See 46 U.S.C.A. § 782, incorporating the two year provision contained in 46 U.S.C.A. § 745.[1] The Government urges that this action is time-barred, having been instituted thirty-one months after the day of collision, on which date, the Government contends, the cause of action, if any exists, arose.

We hold that the cause of action accrued the day of the accident, and is thereby barred by the running of the statute. If, on the other hand, this action is one for indemnification, the statute would not begin to run until the liability becomes fixed, or as here, until the Supreme Court action is determined. But the libel does not allege any cause of action for indemnification.

■ As a statute which waives immunity of the United States from suit, we must construe this statute strictly in favor of the sovereign. McMahon v.

---

1. "Suits as authorized by this chapter may be brought only within two years after the cause of action arises."

United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 673.

The case of McAllister Lighterage Lines, Inc. v. Pennsylvania R. R. Co., D.C.E.D.N.Y.1951, 99 F.Supp. 648, 649, is similar to that now before us. In McAllister the libelant brought suit against the Pennsylvania Railroad Company to recover for damages to its barge. More than two years after the date on which the damage occurred the Railroad filed a petition impleading the United States, alleging that the damage was caused by the negligence of a government ship. Subsequently the Railroad amended its petition to implead the United States. The Government asserted, as it does here, the bar of the statute of limitations. Judge Inch wrote:

> "Both impleading petitions were filed more than two years after the alleged collision, and they seek to implead the government as an additional or sole tort-feasor and not as an indemnitor. Under such circumstances respondent is barred from impleading the government. See Ryan Stevedoring Co. v. United States, 2 Cir., 175 F.2d 490, 494, certiorari denied 338 U.S. 899, 70 S.Ct. 249 [94 L.Ed. 553]."

The Ryan case cited by Judge Inch involved an attempt by a respondent in a libel to implead the United States for damages caused by the alleged negligence of the Government. The Government relied on the Statute. In that case, however, the United States was bound by a contract whereby it agreed to indemnify the respondent for any damages over a certain sum. Although the dismissal of the libel was affirmed on other grounds, Judge Clark in discussing cases cited by appellant in support of the impleader stated [175 F.2d 494]:

> "These, however, are cases where the duty to indemnify a subordinate is clear—as would be the case under the contract alleged here, once the appellant's losses reached $250,000— not the addition or substitution of an additional or sole tort-feasor. [Citing cases]."

In support of this rule, see also, Esso Standard Oil Company v. United States, 2 Cir., 1949, 174 F.2d 182.

 These cases, unlike our own, involve the impleading of the Government. It is submitted, however, that the same criteria are relevant here. The Government here, as in McAllister, is under no clear duty to indemnify libelant. No contract exists calling for indemnification, as in Ryan. Rather the Government's liability, if it exists at all, is that of a tort-feasor and not as an indemnitor. The distinction here made has been recently recognized in this district in Hidick v. Orion, D.C., 157 F.Supp. 477, 487, though the court there, on different facts, ultimately rejected the Government's time bar defense; and in Hartford Accident & Indemnity Co. v. United States, D.C., 130 F.Supp. 839, 843.

In view of the above, we find that this libel must be dismissed as not having been brought within the period allowed by the statute. Submit order.