355 F.2d 189
 The UNITED NEW YORK SANDY HOOK PILOTS' ASSOCIATION and The United New Jersey Sandy Hook Pilots' Association, etc., Libelants-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 162.
 Docket 29265.
 United States Court of Appeals Second Circuit.
 Argued November 12, 1965.
 Decided December 20, 1965.
 
 Edward R. Downing, New York City (Downing & Fuller, William E. Fuller, New York City, of counsel), for libelants-appellants.
 Philip A. Berns, New York City (John W. Douglas, Asst. Atty. Gen., Robert M. Morgenthau, U. S. Atty., Morton S. Hollander, Chief, Appellate Section, Civ. Div., Dept. of Justice, Louis E. Greco, Atty. in Charge, New York Office, Admiralty & Shipping Section, Dept. of Justice), for United States.
 Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.
 FRIENDLY, Circuit Judge:
 
 
 1
 The appeal is from an order by Judge MacMahon in the District Court for the Southern District of New York, dismissing a libel whereby the United New York Sandy Hook Pilots' Association sought to recover from the United States an amount paid in settling the claim of an employee of the Coast Guard injured in May 1958, in a collision between the Association's pilot boat and a Coast Guard cutter. The employee sued the Association for $250,000 in a New York court the following October. On November 25, 1960, the Association filed a libel against the United States in the District Court for the Southern District of New York; the libel alleged the facts surrounding the injury and the suit pending in the state court, and claimed that since the negligence of the United States was the sole cause of the accident, it should be held liable for any recovery by the seaman. On March 8, 1961, Judge Dawson dismissed the libel, 191 F.Supp. 893, on the ground that suit was barred by the two-year statute of limitations of the Public Vessels Act, 46 U.S.C. §§ 782, 745. His opinion drew a sharp contrast between a claim of an indemnitee under a contract, where, as he thought, the statute of limitations "would not begin to run until the liability becomes fixed," see Hidick v. Orion Shipping & Trading Co., 157 F.Supp. 477, 487-488 (S.D.N.Y. 1957), aff'd, 278 F.2d 114 (2 Cir.), cert. denied, 364 U.S. 830, 81 S.Ct. 67, 5 L.Ed. 2d 56 (1960), and a claim against a tortfeasor, which he thought would arise at the time of the accident. See Esso Standard Oil Co. v. United States, 174 F.2d 182, 185 (2 Cir. 1949); McAllister Lighterage Lines, Inc. v. Pennsylvania R. Co., 99 F.Supp. 648 (E.D.N.Y.1951). Judge Dawson concluded that the libel did not allege any contract calling for indemnification by the United States, that the only liability asserted against it was that of a tortfeasor, and that the claim had thus become barred by the statute of limitations in May 1960. The Association did not seek to amend the libel to allege a contract of indemnity, as the citation of the well-known opinion in Moran Towing & Transp. Co. v. United States, 56 F.Supp. 104 (S.D.N.Y.1944), showed it might do, if the facts warranted, without prior determination of its liability to the seaman. Nor did it appeal. Instead it awaited fixation of its liability by a settlement for $32,500 in October 1962.
 
 
 2
 On April 2, 1963, the Association filed a second libel in the District Court for the Southern District of New York. This was a verbatim copy of the first, save that it asked for the lesser amount paid by the Association in the settlement plus attorneys' fees. A motion to dismiss the second libel was granted in July 1963. The court held it was bound by the previous decision that a substantially identical pleading asserted only a claim for contribution which was time-barred; Judge MacMahon observed, as had Judge Dawson two years earlier, "There is nothing before me to show any indemnity agreement, written, oral, or implied, between libelants and the United States." The Association again made no effort to amend the libel to allege such a contractual relation. The final order of dismissal, here under appeal, was entered January 23, 1964; the Association delayed filing its brief until October 5, 1965.
 
 
 3
 Judge Dawson's unappealed order adjudicated that the facts pleaded by the Association gave rise only to a claim against a tortfeasor and that this became time-barred two years after the accident, although the amount had not yet been established. The settlement did nothing to change this. Notwithstanding the contrary dictum in Fyfe v. Pan-Atlantic S. S. Corp., 114 F.2d 72, 75 (2 Cir.), cert. denied, 311 U.S. 711, 61 S.Ct. 319, 85 L. Ed. 462 (1940), his decision might not have prevented the filing of a new libel, either before or after the settlement, alleging a claim for indemnity based on contract. The Association's second libel, however, alleged none, and Judge MacMahon properly considered himself bound by the prior ruling that a pleading identical in all material respects to that before him stated a claim which was barred by the statute of limitations. The Association failed to seek permission from either of the district judges to amend the libel to assert a contractual claim, despite rather pointed hints from both. Indeed, libelants have not yet manifested an ability to make out a claim based on contract; the vague statement in their brief, filed more than twenty months after dismissal of the second libel, that the pilot boat "had been placed at the disposition of the U. S. Coast Guard as flag-ship" for an international life boat race is hardly enough to show this, especially when they still say nothing about amendment. Even on a theory of contract, any claim became time-barred at the latest in October 1964, two years after liability became fixed by settlement with the injured seaman. Notwithstanding the liberality accorded to amendments under Admiralty Rule 23, such relief rests in the discretion of the court, see General Motors Overseas Operations Division of General Motors Corp. v. The Lichtenstein, 126 F.Supp. 395 (S.D.N.Y.1954). We perceive no sound basis for remanding to allow assertion of a claim for contractual indemnity against the United States seven years after the accident occurred and the Association was sued, and three years after its liability was fixed by settlement.
 
 
 4
 Affirmed.