J. C. Tiffin, Respondent, vs. Daniel Leabo, Appellant.

1. *Statute of Limitations—Bills and notes—Suits thereon by a stranger.*—When the statute of limitations is appealed to as a defense against a note, evidence that a suit was instituted thereon within the ten years by a stranger to the note is admissible.

*Appeal from the Common Pleas Court of Daviess County.*

*McFerran, Kost and Gillihan,* for Appellant.

The suit of Tiffin v. Leabo is not a continuation of the suit of Place v. Leabo. and can have no connection with said suit because the plaintiffs are not the same. See Williams v. Council, 4th Jones Law, (N. C.) 206.

Ewing, Judge, delivered the opinion of the court.

This suit originated in a Justice's Court and is founded on a note of the defendant to Tiffin the plaintiff, dated January 2, 1860, due one day after date. The summons issued by the Justice bears date January 31, 1870, and was served on the same day.

There was a judgment for the plaintiff from which defendant took an appeal to the Common Pleas Court. On the trial in the Common Pleas Court, defendant having read the note in evidence to show that the action was barred, plaintiff introduced evidence tending to prove that a previous suit had been brought on the note, within ten years after the cause of action had accrued, before a Justice of the Peace in the name of one Charles Place, against the defendant. This evidence was objected to by the defendant, but the objection was overruled and the evidence admitted. This is the only question the record presents for our consideration. The justice who tried the cause testified that a previous suit had been brought in the name of Place on the note before the expiration of the ten years from the time of its maturity, and that a motion to dismiss it was filed, alleging that Place had no interest in the subject matter of the suit—he having no title to, or interest in the note; that plaintiff, after the motion had been taken up by the justice, either took a non-suit or the cause was dismissed, he did not remember which; that he made no entry or

4—MO. LII.

memorandum of same on his docket ; and that the note remained in his office and a new summons issued the same day in favor of plaintiff Tiffin. The theory upon which this evidence was admitted is not very apparent. The defense to the action being, that it was barred by the statute of limitations, it is not perceived how this evidence tended to disprove such a defense or to rebut the evidence introduced by defendant. The original suit was brought by a stranger-to the note, who had acquired no title to or interest in it himself, and who stood in no such relation to the payee, Tiffin, as trustee or otherwise, as would give him any right of action in his own name to the use of Tiffin. The second suit being brought in the name of the payee, Tiffin, is an admission by him that the first action before the justice was improperly instituted in the name of Place.

The judgment is reversed and the cause remanded. The other judges concur.