JESSE O. McLENDON, Appellant, v. ROBERT D. KISSICK and ROBERT H. KISSICK, Co-partners d/b/a The Kissick Transfer Company, and LEONARD O. COWEE, Respondents, S. PATTI CONSTRUCTION COMPANY and PACIFIC EMPLOYERS INSURANCE COMPANY, Intervenors-Appellants.

JAMES V. BUNTEN, Appellant, v. ROBERT D. KISSICK and ROBERT H. KISSICK, Co-partners d/b/a The Kissick Transfer Company, and LEONARD O. COWEE, Respondents, S. PATTI CONSTRUCTION COMPANY and PACIFIC EMPLOYERS INSURANCE COMPANY, Intervenors-Appellants, Nos. 42604 and 42605—250 S. W. (2d) 489.

Division Two, July 14, 1952.

*Harold T. Van Dyke* and *Johnson, Davis, Thomson, Van Dyke & Fairchild* for intervenors-appellants; *Sam Mandell* and *Popham, Thompson, Popham, Mandell & Trusty* for plaintiffs-appellants.

*Donald W. Johnson* for respondent Leonard D. Cowee; *Watson, Ess, Whittaker, Marshall & Enggas* and *Douglas Stripp for respond-*ents Robert D. and Robert H. Kissick.

268

WESTHUES, C.—Appellant McLendon in case No. 42604 and appellant Bunten in case No. 42605 filed separate suits on October 21, 1947, in the Jackson County Circuit Court to recover damages for personal injuries alleged to have been sustained on January 11, 1946, while at work at the North American Bomber Plant in Kansas City, Kansas. The defendants (respondents here), through whose negligence it was alleged the injuries were inflicted, were Robert D. Kissick, Robert H. Kissick and Leonard O. Cowee. On February 20, 1948, appellants S. Patti Construction Company and Pacific Employers Insurance Company, by permission of court, filed petitions as intervenors. In these petitions it was alleged that McLendon and Bunten were employees of Patti and that these employees were injured through the negligence of respondents above-named while McLendon and Bunten were at work for Patti; that the Pacific Employers Insurance Company was Patti's insurer; that McLendon and Bunten had been paid compensation pursuant to awards under the [491] Kansas Workmen's Compensation Law. The defendants, respondents here, filed motions to dismiss the petitions alleging that the suits were barred by the Kansas Statute of Limitations, Sec. 44-504, G. S. Kansas 1945 Supp., and that plaintiffs had no legal capacity to file the suits. The trial court

sustained the motions to dismiss. McLendon and Bunten, who filed the original petitions, and the intervenors appealed.

The petitions of McLendon and Bunten are identical in so far as the legal questions involved are concerned. Each asked for $35,000 as damages. The two cases were consolidated and will be disposed of in one opinion.

█ Section 44-504, supra, is a part of the Kansas Workmen's Compensation Act. This section, in so far as applicable to the cases now before us, provides in substance that an injured person may recover damages from a third party causing injury, in a tort action, even though compensation was paid by the employer. The statute says the employer shall be subrogated to the extent of the compensation paid. The section further provides that "Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, * * *. Failure on the part of the injured workman * * * to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman * * * may have against any other party for such injury * * *."

As will be noted by the above statement, the injury occurred on January 11, 1946, and the injured parties filed their suits on October 21, 1947, more than 18 months after the cause of action accrued. The suits were, therefore, filed too late and the statute of limitations could be invoked as a bar to the prosecution of the suits by the injured parties. Section 44-504, supra; Elam v. Bruenger, 165 Kan. 31, 193 P. (2d) 225; Krol v. Coryell, 168 Kan. 455, 214 P. (2d) 314.

█ The statute of limitations of Kansas, G.S. 1949, Section 60-306, third proviso, reads as follows: "Within two years: * * * an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; * * *." The law of Kansas is that a tort action is governed by the above section and unless suit is filed within two years from the date of the injury, the action is barred. Nashville, C. & St. L. Ry. Co. v. Dale, 68 Kan. 108, 74 P. 596.

The intervenors in this case, that is, the employer of the injured parties and its insurer, were, under the Compensation Act, assignees of the causes of action by operation of law at the expiration of one year from the date the injuries occurred. Section 44-504, supra. Under the Kansas law, intervenors had the right to file suit at any time after one year and before the statute of limitations ran against the actions, that is, two years from the day of the injuries. The intervening petitions in this case were filed on February 20, 1948, two years and one month after the causes of action accrued. It is evident that the suits were at that time barred by limitation.

█ Plaintiffs and intervenors filed a joint brief in this court. Many points were briefed in an attempt to show that the trial court

erred in dismissing their petitions. They say that respondents under our code of civil procedure could not invoke the statute of limitations by motion unless it appeared in the pleadings that the statute had run. In this case plaintiffs' petitions were plain suits for damages. It was, however, alleged that plaintiffs were injured in the State of Kansas. Plaintiffs say that the petitions did not disclose the one year statute, Section 44-504, supra, was applicable to their suits. The motions to dismiss alleged two grounds, that plaintiffs had no legal capacity to sue and that actions were barred by limitation. These motions were supported by affidavits setting forth the facts as to the payments of compensation as above-outlined. Our statute on civil procedure, Section 509.290, RSMo 1949, provides "The following objections and other matters may be raised by motion whether or not the same may appear from the pleadings and other papers filed in the cause: * * * (7) That plaintiff has not the legal capacity to sue; * * *." [492] The section authorizes the filing of affidavits to support the grounds alleged in the motion. Plaintiffs say that they had the legal capacity to sue and, therefore, the motions to dismiss could only be sustained on the ground that the suits were barred by limitations; that such a plea cannot be raised by motion and supported by affidavits. It is not necessary for us to go into a discussion of that question in this case. As we view the situation, the pleadings at the time the trial court ruled on the motions disclosed all the facts contained in respondents' affidavits. The petitions filed by the intervenors disclosed fully that plaintiffs had been paid compensation by the intervenors and that awards had been made in plaintiffs' favor and had been accepted. All the facts, therefore, appeared in the pleadings. The facts as pleaded showed that plaintiffs' actions were barred by Section 44-504, supra.

Appellants say that this, a tort action, was filed within two years and, therefore, not barred. Appellants overlooked, when making this argument, the special provision of Section 44-504, supra, which says that the injured party must file suit within one year. In Davison v. Martin K. Eby Construction Co., 169 Kan. 256, 218 P. (2d) 219, the Kansas Supreme Court held that an employee injured while at work through the negligence of one other than his employer may collect compensation and also sue, within one year, the tort-feasor. The court said that the compensation paid did not in such an action have any bearing on the merits of the case; that if suit was filed within one year, no assignment had taken effect; and, also, that the employer and the insurer were not proper parties to such a suit. In this case plaintiffs' suits were filed more than one year after they were injured and were, therefore, barred. The suits having been barred, intervenors' petitions filed more than two years after the injuries were sustained did not date back to the time plaintiffs' suits were filed. It was so ruled by Division I of this court in Gold-

schmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W. (2d) 1. In that case a widow filed suit asking damages for the death of her husband. Suit was filed more than six months after the husband's death but within one year. The statute required suit by a widow to be filed within six months, and, if not filed, minor children could file within one year. After one year passed, the widow's petition was amended so as to include the minor children. This court held the amended petition did not date back to the date of the filing of the widow's suit. This court said, 111 S.W. (2d) l.c. 3 (5, 6), ''There being no cause of action in the widow when the original petition was filed, such petition could not be amended by bringing in the minor children as parties plaintiff, * * *.'' That is the exact position in which plaintiffs and intervenors placed themselves in this case.

The cases cited by appellants are not in point. For example: In Webster v. Joplin Water Works Co., 352 Mo. 327, 177 S.W. (2d) 447, it was held one having a joint interest when the original suit was filed might be added as a party plaintiff before the period of the statute of limitations expired. It is obvious such cases have no application on the question now before us.

Appellants also say that the original suits were in fact filed by the employer in the names of the injured employees. It is difficult for us to understand how such an argument can be made. In the original petitions we cannot find one word that would even suggest that the employer and the insurer who later intervened had any interest in the cases. If they were filed by the employer on behalf of the injured parties and the employer, why the intervening petitions? Under the Kansas law the employer and insurer may, after one year, file suit for themselves and on behalf of the injured party but the original petitions filed by the injured parties in this case were not such suits. The Supreme Court of Kansas in Krol v. Coryell, supra, 214 P. (2d) l.c. 316, quoted the following from Elam v. Bruenger, 193 P. (2d) l.c. 231: '' 'If the real party in interest was the employer, a simple disclosure of the fact would have dispelled all doubt and the cause could not properly have been dismissed [493] on the ground it was barred under the statute.' ''

In this case plaintiffs were represented by attorneys who so far as the record disclosed were interested in and were representing plaintiffs and no one else. We hold that, in view of the record, the contention that the suits were filed by the employers was made in an attempt to avoid the statute of limitations.

Appellants say further that the suits could be maintained in Missouri by virtue of Sections 3699 and 3700(b), RSMo 1939, now Sections 287.150 and 287.110, RSMo 1949, VAMS, of the Missouri Compensation Law. The argument is advanced that plaintiffs' contracts of employment were made in Missouri. Be that as it may, the fact remains that plaintiffs chose to collect compensation under

the Kansas law. They are bound by their choice. Magnolia Petroleum Co. v. Hunt, 320 U. S. 430. Furthermore, it affirmatively appears from the pleadings that plaintiffs' injuries occurred in Kansas and that plaintiffs and intervenors submitted their controversy to the Kansas Workmen's Compensation Commission. Therefore, the present suits though filed in Missouri are, nevertheless, governed by the laws of Kansas. Section 516.180, RSMo 1949, provides that when a cause of action has been barred by the laws of the state in which the cause originated, such bar shall be a complete defense in the courts of this state.

These suits of plaintiffs and intervenors could not be maintained in Kansas because of the statute of limitations of that state. They are, therefore, also barred in this state. We have not overlooked the case of Hungate v. Hudson, Mo., 169 S.W. (2d) 682, cited by appellants. No question regarding the statute of limitations was involved in that case.

We see no theory under which it can be held that these suits are not barred by the statute of limitations and, therefore, we must hold that the trial court was correct in dismissing the petitions.

The judgment in each case is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All concur, except *Tipton, J.,* who concurs in result.