Charles GIAMBELLUCA, Plaintiff-Appellant,

v.

Guy A. THOMPSON, Trustee, Missouri Pacific Railroad Company, a Corporation, Union Pacific Railroad Company, a Corporation, and The Texas and Pacific Railway Company, a Corporation, Defendants-Respondents,

and

General Accident Fire & Life Assurance Corporation, Ltd., a Corporation, Intervenor-Appellant.

No. 44655.

Supreme Court of Missouri,

Division No. 2.

Nov. 14, 1955.

Bates & Cartwright, Houston, Tex., James W. Jeans, Hullverson & Richardson, St. Louis, for plaintiff-appellant.

Harold L. Harvey, St. Louis, for respondents Guy A. Thompson, trustee Missouri Pac. R. Co., debtor, and Texas & Pacific Ry. Co.

Jones, Hocker, Gladney & Grand and Harold C. Gaebe, Jr., St. Louis, for respondent Union Pac. R. Co.

Charles F. Hamilton, St. Louis, Chilton Bryan, Houston, Tex., J. C. Jaeckel, Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, for intervenor-appellant.

BARRETT, Commissioner.

Charles Giambelluca instituted this action for $150,000 damages for personal injuries in the Circuit Court of the City of St. Louis on January 22, 1954. On January 16, 1951 he instituted a similar suit on the same cause of action in the District Court of Harris County, Texas, and that suit is pending. The defendants are Union Pacific Railroad Company, Missouri Pacific Railroad Company and The Texas and Pacific Railway Company. On March 19, 1954, General Accident, Fire & Life Assurance Corporation was permitted to intervene in the present suit and assert its subrogation rights as the workmen's compensation insurer of Giambelluca's employer, the Stafford Motor Company of Sugarland, Texas. On March 25, 1954, General Accident, Fire & Life Assurance Corporation, as subrogee of Giambelluca, instituted a similar action against the defendants and, in an unreported opinion, that action was dismissed for the reason that it was barred by the Texas statute of limitation. Upon separate motions by the defendants, the trial court dismissed Giambelluca's and General Accident, Fire & Life Assurance Corporation's present petitions for the reason that the claims asserted were barred by the Texas statute of limitation and, therefore, could not be maintained in Missouri. V.A.M.S. § 516.180. The propriety of the trial court's action in dismissing the petitions is the question for decision upon this appeal by the plaintiff and the intervenor.

The basis of Giambelluca's claim, in brief, is that on November 14, 1950, while unloading a carload of automobiles for his employer, the Stafford Motor Company, he was negligently injured by the defendants. The sequence of events giving rise to the questions involved upon this appeal, however, are as follows: Giambelluca was injured on November 14, 1950. He notified his employer, Stafford Motor Company, and his employer's insurer, General Accident, of his injury and on November 16, 1950 filed a claim for workmen's compensation with the Texas Industrial Accident Board. On November 22, 1950, General Accident, as Stafford's compensation carrier, made Giambelluca an initial, weekly payment of $25. The payments were continued until March 28, 1952 when the Industrial Accident Board approved a compromise of the compensation claim for an additional payment to Giambelluca of $4,750.

The Texas workmen's compensation law contains a provision governing employees' actions against negligent third persons and the subrogation of insurers paying compensation, Vernon's Ann.Tex.Civ.St. Art. 8307, sec. 6a, but there is no specific provision in the compensation law concerning the time in which such actions must be instituted, and it is conceded, therefore, that such actions are governed by the general, two-year statute, "two years after the cause of action shall have accrued". V.A.T.S. Art. 5526. Annotation 41 A.L.R. 2d 1044; 58 Am.Jur., Sec. 367, p. 823. This suit was instituted on January 22, 1954, the initial compensation payment was made on November 22, 1950, and the respondent railroads claim that the cause of action

accrued on that date and, therefore, this action is barred under the general statute. It is urged that when the insurance company made the first payment to Giambelluca it thereby "assumed" liability as of that date, November 22, 1950. In any event, it is said that when Mr. Giambelluca filed the suit in the Texas District Court on January 16, 1951 that the interests of the parties became fixed and so the cause of action certainly accrued on that date. The appellants, on the other hand, contend that the insurance company's subrogation interest was not ascertainable until the compromise settlement was made and approved, that its right was contingent upon the occurrence of a future event— the final determination of its liability and that event was March 28, 1952. It is urged that when Mr. Giambelluca filed his compensation claim with the Industrial Accident Board on November 16, 1950 the running of the statute of limitation was "suspended" until March 28, 1952, the date on which the board finally acted upon and approved the compromise settlement of the claim. It is urged that the company's liability was not "paid or assumed" until that date.

■ While the employee has an election, initially, under the statute, Art. 8307, sec. 6a, to claim compensation or to sue the alleged negligent third person, Fort Worth Lloyds v. Essley, Tex.Civ.App., 235 S.W.2d 700, the cause of action accruing to the employee and the compensation insurer is single and joint, it is not severable. Fort Worth Lloyds v. Haygood, 151 Tex. 149, 246 S.W.2d 865; Hartford Accident & Indemnity Co. v. Weeks Drug Store, Tex.Civ.App., 161 S.W.2d 153. The term of art in the statutes limiting the time in which actions must be instituted is the word "accrued," and the Texas courts have held that the word "accrued" means when the insurance carrier "has paid or assumed to pay" the obligations imposed by the compensation law. Fidelity Union Casualty Co. v. Riley, Tex.Civ.App., 26 S.W.2d 682; Texas Employers' Ins. Ass'n v. Texas & P. Ry. Co., Tex.Civ.App., 129 S.W.2d 746.

In the Riley cases it was held, when the compensation claim was contested, that the insurance carrier's right to subrogation was contingent upon the happening of a future event and did not mature "until final judgment in favor of the injured employee is entered, for only then can the law declare that the compensation carrier has assumed to pay the claim of the injured employee." Fidelity Union Casualty Co. v. Texas P. & L. Co., Tex.Civ.App., 35 S.W.2d 782, 783–784; Fidelity Union Casualty Co. v. Riley, supra. So in those cases the compensation insurer's action instituted within two years of the final judgment in the contested compensation case, but not within two years of the employee's injury, was not barred by the statute. In Buss v. Robison, Tex.Civ.App., 255 S.W.2d 339, the employee was accidentally killed on May 21, 1949, an initial payment of compensation was made on July 11, 1949 and subsequent payments continued, suit for damages was instituted on June 28, 1951, and it was held that the insurance company "assumed liability" when it made the initial payment, hence the suit was not barred by the statute. It should be noted in that case, in addition to the fact that suit was instituted within two years of the initial payment, that the compensation claim was for the death benefits provided under the law and, therefore, once the weekly wage was known, for a fixed sum. V.A.T.S. Art. 8306, sec. 8. In this case the insurer may have paid or assumed some liability in making the initial payment but it is a fair inference from the pleadings that the extent of the employee's injuries was "uncertain" and, therefore, determinable at a future date and subject to compromise and settlement between the parties upon the approval of the Industrial Accident Board. V.A.T.S. Art. 8307, sec. 12. In Webster v. Isbell, Tex.Civ.App., 71 S.W. 2d 342, 346 and Hutto v. Benson, 6 Cir., 212 F.2d 349, it does not appear whether the claims for compensation were contested. In any event, in the Isbell case, the court said, "The claim of Mrs. Isbell having been filed before the Industrial Accident Board, the running of the statute of limitation was suspended until the 18th day

of February, 1931, at which time the Accident Board finally acted upon and approved the claim. On the 31st day of May, 1932, H. M. Isbell intervened in the suit filed by his wife, and thereby became a plaintiff therein. So it appears that less than two years elapsed between the time of the final action of the Industrial Accident Board on the claim filed with it by Mrs. Isbell and the time H. M. Isbell intervened in this suit." In the Hutto case it was held, under the Texas compensation law, that the cause of action against the third party did not accrue until a compromise settlement between the employee and the insurer was finally approved by the Industrial Accident Board, and, of course, that an action commenced within the limited period of that date was not barred.

▪ Mr. Giambelluca, initially, made the election he was compelled to make by filing his claim for compensation, that claim was not terminated or the rights of the parties unalterably fixed until successfully prosecuted to a conclusion and his prematurely filing the suit in Texas on January 16, 1951, did not irretrievably establish the rights of the parties. Texas Employers' Ins. Ass'n v. Fish, Tex., 266 S.W.2d 435. Compare Fort Worth Lloyds v. Essley, supra.

Further than this it would be somewhat unrewarding, if not presumptuous, for this court to attempt an examination of the rationale of the Texas cases. Bruner v. Skibsaktieselskabet Hilda Knudsen, D.C., 123 F.Supp. 903. With deference to those of a contrary view, the inference and implication of the cases is that the cause of action involved here accrued on March 28, 1952, when the Industrial Accident Board approved the compromise settlement and this action, instituted on January 22, 1954, was not barred by the two-year statute of limitation. Bruner v. Skibsaktieselskabet Hilda Knudsen, supra; Hutto v. Benson, supra; Webster v. Isbell, supra; Fidelity Union Casualty Co. v. Texas P. & L. Co., supra; Buss v. Robison, supra. Accordingly the judgment is reversed and the cause remanded.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All concur.