**ST. PAUL FIRE & MARINE INSUR-
ANCE CO., Plaintiff,**

v.

**CONTINENTAL BUILDING OPERAT-
ING CO., Defendant.**

**No. 9351.**

United States District Court
W. D. Missouri, W. D.
Jan. 20, 1956.

———————

Albert J. Gilson, Chicago, Ill., and Albert W. Thomson (of Davis, Thomson, Van Dyke & Fairchild), Kansas City, Mo., for plaintiff.

Paul V. Barnett (of Barnett & Skeer), Kansas City, Mo., for defendant.

WHITTAKER, District Judge.

By our opinion in this cause, of November 9, 1955, Rosenfeld v. Continental Building Operating Company, D.C., 135 F.Supp. 465, we held that the original plaintiff, Rosenfeld, did not have, and had never had, any legal title to, or beneficial interest in this cause of action and was not the real party in interest, but we did not sustain defendant's motion for a summary judgment—by which the question was raised—, but, instead, we treated and sustained the motion as one to dismiss, but granted leave to the insurer, St. Paul Fire & Marine Insurance Company, to come into the case as plaintiff within 30 days and to attempt to prosecute it in its own name.

Pursuant to that order, St. Paul Fire & Marine Insurance Company entered its appearance in this cause, as plaintiff, on November 26, 1955. Defendant thereafter filed its motion herein to dismiss, based, principally, upon the ground that the substitution of St. Paul Fire & Marine Insurance Company, as plaintiff, on November 26, 1955, was after the Missouri three-year and five-year

statutes of limitations, Sections 516.120 and 516.130 RSMo 1949, V.A.M.S., had run, and that the substitution amounted, in legal effect, to the institution of a new action upon the cause of action, and that it was barred by the limitations of the Missouri statutes mentioned.

Extensive briefs upon the question have been filed by counsel for the parties, all of which I have carefully considered.

It is true, and conceded by counsel for the substituted plaintiff, that if its substitution as plaintiff on November 26, 1955, does amount, in legal effect, to the institution of a new suit, and that if, in legal effect, it does not relate back to the time of the filing of the original suit herein by Rosenfeld, then this action is barred by, at least, the Missouri five-year statute of limitations mentioned, and the motion to dismiss should be sustained, otherwise it should be overruled.

There can be no doubt, and it is not disputed, (1) that this cause of action accrued in Missouri, (2) that the Missouri statute of limitations is applicable.

 It is clear from an unbroken line of decisions in Missouri that if a suit is brought by one who has no legal right to maintain it, yet, who has a beneficial interest in the subject matter of the action, the substitution of a proper plaintiff will relate back to the time of filing of the original action by the one without authority to prosecute it, and the intervening running of the statute of limitations will not be held to bar the action by the substituted plaintiff, but, on the other hand, if the original action was brought by an improper plaintiff who had no legal or beneficial interest in the subject matter of the action and later—but after the statute of limitations has run—a proper party plaintiff is substituted, the substitution will be treated as a new action, and the action will be held to be barred by the Missouri statute of limitations. Pyle v. University City, Mo.App., 279 S.W. 217; Lilly v. Tobbein, 103 Mo. 477, 15 S.W. 618; Tiffin v. Leabo, 52 Mo. 49;

McLendon v. Kissick, 363 Mo. 264, 250 S.W.2d 489; Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1; Webster v. Joplin Water Works Co., 352 Mo. 327, 177 S.W.2d 447; Brunn v. Katz Drug Co., 359 Mo. 334, 221 S.W.2d 717; Meservey v. Pratt-Thompson Construction Company, Mo.App., 291 S.W. 174, and Leimer v. Woods, 8 Cir., 196 F.2d 828. Here, as held in our former opinion referred to, the original plaintiff, Rosenfeld, did not have, at the time of the institution of this suit, nor since, any legal or equitable title to, or beneficial interest in, the subject matter of this suit, and, therefore, the substitution of St. Paul Fire & Marine Insurance Company, as plaintiff herein, on November 26, 1955, did not relate back to the time of the institution of this action by Rosenfeld, and, meanwhile, the Missouri five-year statute of limitations had run, and this action by the substituted plaintiff, St. Paul Fire & Marine Insurance Company—treated, as it must be, as a new action, commenced by it on November 26, 1955—is barred by limitations, if the Federal courts are bound by the terms of the state statute of limitation as construed by its highest court.

But the substituted plaintiff points to Rule 15(c) of Federal Rules of Civil Procedure, 28 U.S.C.A., and says that it expressly provides that an "amended pleading", arising out of the same transaction as set forth in the original pleading, "relates back to the date of the original pleading", and that such is the effect of the substitution of the present plaintiff herein on November 26, 1955, and that, therefore, this action by the substituted plaintiff—even though treated, to use Judge Lamm's picturesque words, "as a fresh suit upon a new cause of action"—is not barred, regardless of the Missouri five-year statute of limitations, for it will not be applied by the Federal courts in these circumstances. In support of this position the substituted plaintiff cites three cases, by the Tenth Circuit. They are American Fidelity & Casualty Co. v. All-American Bus Lines, Inc., 10 Cir., 190 F.2d 234;

Kansas Electric Power Co. v. Janis, 10 Cir., 194 F.2d 942, and Isaacks v. Jeffers, 10 Cir., 144 F.2d 26, which, it must be admitted, sustain his contention. He also cites Kincheloe v. Farmer, 7 Cir., 214 F.2d 604, which does not support him, for it holds that Federal courts are bound by the terms of state statutes of limitation.

However, the Supreme Court of the United States, in several cases—one of them arising on certiorari to the Tenth Circuit, Ragan v. Merchants Transfer, etc., Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520—has, authoritatively, put this question at rest. In both Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, and the Ragan case, supra, it has held that, in a diversity case such as this, a recovery cannot be had if a state statute of limitations would have barred recovery had the suit been brought in a court of the state. It finds and holds that Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, requires this conclusion. As stated, the Tenth Circuit was reversed in the Ragan case on the same point. Our own Eighth Circuit is in accord, Bricton v. Woodrough, 164 F.2d 107.

We find nothing inconsistent in Rule 15(c), and it will be noted that it deals with "amended pleading" which is something different than "substitution" of a new plaintiff in the sense here presented and dealt with. At all events, this rule was in full effect when the Supreme Court spoke in the Guaranty Trust and Ragan cases, supra.

It follows that we must give to the state statute of limitations the same effect as the courts of Missouri would be required to give to it and that would be, on the facts we have here, to hold that the substitution of the new plaintiff, after the five-year statute had run, did not relate back to the filing of the original complaint by Rosenfeld and that the action is barred by the limitations of the Missouri five-year statute.

There has long been some question about whether the matter of limitations can properly be presented and ruled, in the Federal court, on a motion to dismiss or otherwise than on a plea in bar, but our own Eighth Circuit has held that the question may be properly raised and ruled on such a motion, Bricton v. Woodrough, 164 F.2d 107. And, especially do I think that the question can be properly reached by a motion to dismiss in a case like this, where, admittedly, the five-year statute extinguishes the cause of action if it applies, which I have concluded it does in this instance.

The result is that defendant's motion to dismiss is good as a matter of law, and must be sustained.

It is, therefore, ordered and adjudged by the court that defendant's motion to dismiss this action be, and it is hereby, sustained, and this action is dismissed, with prejudice.