Thomas FARNHAM, Plaintiff,

v.

DAAR, INC., a corporation, d/b/a Thriftway Food Mart, Leon Jacobs and Betty I. Jacobs, Defendants.

No. 12351.

United States District Court
W. D. Missouri, W. D.

June 28, 1960.

Dwight Roberts, Homer R. Hines, Kansas City, Mo., for plaintiff.

McKenzie, Williams, Merrick, Beamer & Stubbs, Shughart, Thomson, Stark & Kilroy, Kansas City, Mo., for defendants.

**R. JASPER SMITH, District Judge.**

This is a common law action for personal injuries alleged to have been suffered by plaintiff on October 16, 1956, while he was employed by Swift & Company. Defendants have moved for summary judgment on the ground that plaintiff is not the real party in interest under Rule 17(a), F.R.Civ.P., 28 U.S.C.A., and that the action should be maintained by plaintiff's employer, Swift & Company. Certain facts relevant to the pending motion are undisputed.

At the time of the injury plaintiff was a resident of the State of Kansas and an employee of the Kansas City, Kansas, plant of Swift & Company. The employment contract was made in Kansas. The injury itself occurred in Raytown, Missouri, while plaintiff was making delivery of certain merchandise for his employer. Following the accident, a representative of the employer filed appropriate forms with the Kansas Workmen's Compensation Commission, and plaintiff received weekly benefits of $32.-00 for thirty-two weeks under the Kansas Workmen's Compensation Law, G.S. 1949, 44–501 et seq. On July 21, 1958, while represented by counsel, plaintiff received a lump sum final award under the Kansas Compensation Law. On February 25, 1959, plaintiff brought this third party action, and after an amended complaint was filed, the case was removed here on diversity of citizenship grounds. Our jurisdiction is conceded.

Section 44–504 of the General Statutes of Kansas, 1949, provides in part:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman, his dependents or personal representatives shall have the right to take compensation under the act and pursue his or their remedy by proper action in a court of competent jurisdiction against such other person * * *. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury * * *. Failure on the part of the injured workman * * *, to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman * * * may have against any other party for such injury * * * and such employer may enforce same in his own name or in the name of the workman, dependents or personal representatives, for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

Under this section, if Kansas law is applied, plaintiff, having failed to commence his action within one year, is not the real party in interest. Erb v. Atchison, Topeka & Santa Fe Ry. Co., 1956, 180 Kan. 60, 299 P.2d 35; Whitaker v. Douglas, 1956, 179 Kan. 64, 292 P.2d 688. Defendants contend that since plaintiff elected to accept a final award under the Kansas Act, he is bound by that Act and its attributes; and not having instituted his common law action in Missouri within one year from the date of injury as required by Kansas law, he has by operation of law assigned his action to Swift & Company, and that he is precluded from maintaining this action for that reason.

A somewhat similar problem existed in Rosenfeld v. Continental Building Operating Co., D.C.W.D.Mo.1955, 135 F.Supp. 465. In that case, plaintiff, a diamond salesman, sued defendant, a Missouri hotel company, for loss of diamonds which were stolen from his room in defendant's hotel. Plaintiff's employer was reimbursed for the loss of the diamonds under a New York insurance contract. Mr. Justice Whittaker, then District Judge, determined that under Missouri conflicts of law rules, the law of the place of the making of the contract would govern, that New York substantive law was controlling, and that even though the loss had taken place in Missouri where, under normal circumstances plaintiff would have a cause of action in his own name, in this situation Missouri courts would enforce the New York law which provides for an assignment of the cause of action. In that case plaintiff's action was dismissed.

In McLendon v. Kissick, 1952, 363 Mo. 264, 250 S.W.2d 489, workmen injured in Kansas and who accepted the benefits of the Kansas Workmen's Compensation Law, brought third party actions in Missouri. Here the contracts of employment were made in Missouri. The Missouri Supreme Court held the actions were barred in Missouri, since the actions were filed more than one year after their injuries occurred. Section 44–504 of the Kansas Statutes was construed as controlling. At page 493 of 250 S.W.2d the Court observed:

"The argument is advanced that plaintiffs' contracts of employment were made in Missouri. Be that as it may, the fact remains that plaintiffs chose to collect compensation under the Kansas law. They are bound by their choice."

In this case the Missouri Supreme Court recognized the full effect of Magnolia Petroleum Co. v. Hunt, 1943, 320 U.S. 430, 64 S.Ct. 208, 88 L.Ed. 149.

Overcash v. Yellow Transit Co., 1944, 352 Mo. 993, 180 S.W.2d 678, held that the widow of an employee who was himself a resident of Kansas, working under a Kansas employment contract but who had died due to injuries received in an accident in Missouri, was not entitled to maintain a claim before the Missouri Workmen's Compensation Commission where she had received an award under the Kansas Compensation Act. No common law claim against a third party was involved in this case.

Scott v. Missouri Pac. R. Co., 1933, 333 Mo. 374, 62 S.W.2d 834, and Giambelluca v. Thompson, Mo.1955, 283 S.W.2d 531, likewise are authority for the proposition that Missouri will follow the law of the state where the employee has accepted compensation, even though the employee is injured in Missouri.

It is clear that under Section 287.150, V.A.M.S.1949, plaintiff here would be a real party in interest and entitled to sue in his own name, State ex rel W. J. Menefee Construction Co. v. Curtis, Mo.App. 1959, 321 S.W.2d 713. The Missouri Workmen's Compensation Statute is predicated on subrogation as a matter of law and not assignment as a matter of law. However, there is nothing in the reported cases that indicates that Missouri would enforce its own law in this situation. Rather, it seems clear that Missouri is willing to accept Kansas law under the principle of comity, and further, in the face of a final award in Kansas, that it must give full faith and credit to the Kansas judgment and statutes.

I conclude that plaintiff is not the real party in interest in this action. However, since I do not desire to dispose of this case finally on its merits, defendants' motions will be treated as motions to dismiss rather than motions for summary judgment. The action is therefore dismissed, without prejudice to the right of plaintiff's employer to prosecute the action within the time allowed it under Missouri statutes of limitation.

It is so ordered.