Lina G. PERRY, Plaintiff-Respondent,

v.

John CARTER, Sylvia Johnson Jones and Empire Gas Corporation of Missouri, a corporation, Defendants,

and

American Home Assurance Company, Intervenor-Appellant.

No. 12152.

Missouri Court of Appeals, Southern District, Division Three.

Aug. 4, 1981.

---

John R. Rogers, Rogers & McCord, Ashburn, Ga., Stephen E. Walsh, Summers, Cope & Walsh, P. C., Poplar Bluff, for plaintiff-respondent.

Joe Welborn, Briney, Welborn & Spain, P. C., Bloomfield, for intervenor-appellant.

PREWITT, Judge.

American Home Assurance Company (American) appeals from the trial court's denial of its claim to $13,000 paid into court pursuant to a "consent judgment" in settlement of plaintiff's suit against defendants.

Plaintiff was injured in an automobile collision on August 17, 1976, in Butler County, Missouri, while riding in an automobile driven by defendant Jones. They were returning to Georgia from a meeting in Missouri. Defendant Carter was the operator of another vehicle allegedly involved in the collision. Plaintiff was employed in Georgia at Empire Gas, Inc. of Ashburn, and her injuries entitled her to benefits under the Workmen's Compensation Law of Georgia. She received $20,029.73 in workmen's compensation benefits from American, the workmen's compensation carrier for her employer. American has not been reimbursed for any of the amount paid. Plaintiff filed suit against defendants, seeking damages for her injuries. Her petition alleged that defendant Jones was an employee of defendant Empire Gas Corporation of Missouri. American filed an intervening petition seeking to be subrogated to plaintiffs' recovery and to have a lien on any amount she received to the extent of the payments it had made. On April 24, 1980, plaintiff and defendants entered into a settlement "and agreed that a consent Judgment would be entered". The judgment provided that plaintiff receive $13,000 and defendants paid that amount into court where it was held awaiting a decision on American's claim.

The trial court ruled that plaintiff was entitled to the $13,000. American contends that this ruling was incorrect because the trial court failed to follow the Missouri law that "one who makes payments under workmen's compensation law is subrogated to any rights which the injured employee has against the tort feasor". It contends that Missouri law must be applied as the occurrence giving plaintiff her right to receive workmen's compensation payments as well as to bring the third-party action arose here, and "Since the Georgia Law was not

pleaded by plaintiff-respondent, the Missouri Law on subrogation would apply."

■ We first discuss and deny American's contention that because plaintiff did not plead that the law of Georgia applies; therefore Missouri law must be followed. American's petition to intervene alleged that plaintiff's injury "was covered by the Workmen's Compensation Law of Georgia" and that "under the Workmen's Compensation Laws of the State of Georgia" it was compelled to pay plaintiff. These allegations are sufficient to show that we may have to apply the law of Georgia and we thus take judicial notice of its statutes and judicial decisions. Rule 55.21; *Valleroy v. Southern Railway Company*, 403 S.W.2d 553, 555, 557 (Mo.1966).

■ In Georgia the right of subrogation or reimbursement by an employer or insurer paying workmen's compensation benefits exists only if it is expressly conferred by statute. *Travelers Insurance Co. v. Georgia Power Co.*, 51 Ga.App. 579, 181 S.E. 111, 113 (1935). Apparently there has not been such a right since a statute allowing subrogation was repealed in 1972. See *Spengler v. Employers Commercial Union Insurance Company*, 131 Ga.App. 443, 206 S.E.2d 693 (1974). Missouri provides for such a right by statute, § 287.150, RSMo 1969, which is said to do "no more than declare the law . . . as it existed before enactment of The Workmen's Compensation Law". *Cole v. Morris*, 409 S.W.2d 668, 670 (Mo.1966).

■ We find no state court decisions in Missouri considering which state's law should be applied in this situation. It appears to be the usual rule that the reimbursement rights of a workmen's compensation carrier are governed by the law of the state whose Workmen's Compensation Act was invoked by the claimant in obtaining benefits. *Argonaut Insurance Company v. Panhandle and Santa Fe Railroad Company*, 367 F.2d 564 (5th Cir. 1966); *Liberty Mutual Insurance Company v. Borsari Tank Corporation*, 248 F.2d 277, 282 (2d Cir. 1957); *Kelley v. Summers*, 210 F.2d 665, 673 (10th Cir. 1954); *Greene v. Verven*, 203 F.Supp. 607 (D.Conn.1962); *Farnham v. Daar, Inc.*, 184 F.Supp. 809 (W.D.Mo.1960); Restatement (Second) of Conflict of Laws § 185 (1971). See also Ford, The Liability of Nonemployer Tortfeasors Under State Workmen's Compensation Statutes: A Choice-of-Law Problem, 68 Yale L.J. 54, 70–71, 74 (1958); 82 Am.Jur.2d, Workmen's Compensation, § 435; and Annot., What law governs the distribution, apportionment, or disposition of damages recovered for wrongful death, 92 A.L.R.2d 1129, 1155 (1963). Both Am.Jur.2d and the annotation cite *Knox v. Land Construction Company*, 345 S.W.2d 244 (Mo.App.1961), partially overruled on other grounds, *Ruediger v. Kallmeyer Brothers Service*, 501 S.W.2d 56 (Mo. banc 1973). We do not believe *Knox* is helpful as the choice of law to be applied was not discussed in the opinion and apparently was not an issue. *Farnham v. Daar, Inc.*, supra, held that a Kansas resident who was employed there but injured while working in Missouri must bring his third-party action in Missouri in accordance with the Kansas Workmen's Compensation Law. The case states that "*Scott v. Missouri Pac. R. Co.*, 1933, 333 Mo. 374, 62 S.W.2d 834, and *Giambelluca v. Thompson*, Mo.1955, 283 S.W.2d 531, . . . are authority for the proposition that Missouri will follow the law of the state where the employee has accepted compensation, even though the employee is injured in Missouri." 184 F.Supp. at 811. However, in neither of those cases was the employee injured in Missouri.

■ We believe that we should follow the usual rule and apply the law of the state whose Workmen's Compensation Act was invoked. The parties were operating under that law and their rights should be determined by it. This belief is fortified because in Georgia workmen's compensation liability "arises out of a contract created by law". *Williams Bros. Lumber Co. v. Meisel*, 85 Ga.App. 72, 68 S.E.2d 384, 388 (1951). We interpret this to mean that in Georgia, as in Missouri, entitlement to workmen's compensation benefits becomes a part of the employment contract. See *Welborn v. Southern Equipment Company*,

395 S.W.2d 119, 124 (Mo. banc 1965); 99 C.J.S. Workmen's Compensation § 14. The construction of a contract of employment is governed by the law of the place where made, if it is to be performed there or performed both there and in other jurisdictions. 56 C.J.S. Master and Servant § 5, pp. 63–64. See also *Kelsall v. Riss & Co.*, 165 S.W.2d 329, 332 (Mo.App.1942); *Neve v. Reliance Insurance Company of Philadelphia*, 357 S.W.2d 247, 249–250 (Mo.App. 1962); Restatement (Second) of Conflict of Laws § 196 (1971). Georgia law should then be applied and under it American has no right of reimbursement.

The judgment is affirmed.

BILLINGS, P. J., and HOGAN and TITUS, JJ., concur.