

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| **TONDA HILL,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD82657** |
| **v.** | ) | **(Consolidated with WD82771)** |
| | ) | |
| | ) | **OPINION FILED:** |
| **STEVEN FREEDMAN,** | ) | **May 19, 2020** |
| | ) | |
| **Respondent.** | ) | |

### Appeal from the Circuit Court of Jackson County, Missouri
### The Honorable Jennifer M. Phillips, Judge

**Before Division Four:** Karen King Mitchell, Chief Judge, and
Thomas H. Newton and Edward R. Ardini, Jr., Judges

Tonda Hill appeals from the judgment dismissing, with prejudice, her claim of negligence arising from a car accident involving her former supervisor, Steven Freedman. Hill raises four points on appeal. She argues that the motion court erred in dismissing her negligence claim because (1) Missouri substantive law applies, in that the accident occurred in Missouri and the effects and injuries first occurred in Missouri; (2) Freedman is not immune from suit, in that the Kansas Tort Claims Act (KTCA) does not apply to a personal-capacity claim brought under Missouri law; (3) comity does not prohibit Hill's negligence claim, in that comity does not bar suits against government employees for their own personal acts; and (4) Hill's negligence claim is

not barred by workers' compensation, in that this case is governed by Missouri substantive law, there was an affirmative negligent act, and the suit claims remedies not obtainable under the workers' compensation system. Finding no error, we affirm.

**Background**[1]

In January 2014, when the alleged negligent act occurred, Hill and Freedman were citizens and residents of Kansas and were employed by the University of Kansas School of Law, where Freedman was Hill's supervisor. Hill alleges that, while Freedman was driving her to a work-related event at a law firm in Kansas City, Missouri, he began yelling at her about an upcoming speaker panel. After the vehicle entered the law firm's parking garage, Freedman allegedly revved the engine while continuing to yell at Hill, put the vehicle in reverse, and slammed the vehicle into a concrete barricade. The collision injured Hill, who was unable to work for a period of time as a result. Hill reported her injuries to the University and "exercised her rights to report, and receive treatment and pay for, a workplace injury."

In August 2017, Hill filed a single-count suit against Freedman, alleging discrimination based on her exercise of her workers' compensation rights. Freedman moved to dismiss for lack of personal jurisdiction and failure to state a claim for which relief may be granted. Instead of filing a response, Hill filed a first amended petition in June 2018, asserting claims for assault, battery, negligence, and discrimination based on the exercise of Hill's workers' compensation rights. Freedman moved to dismiss for lack of personal and subject matter jurisdiction and for failure to state a claim. In response, Hill conceded that her first two counts—assault and battery— were time-barred, but she opposed dismissal of the remaining two counts—negligence and discrimination based on her exercise of her workers' compensation rights—and sought leave to

---

[1] At this stage in the proceedings, we take as true all facts alleged in Hill's operative petition. *See Jackson v. Barton*, 548 S.W.3d 263, 267 (Mo. banc 2018).

amend her petition to address issues related to her discrimination claim. The motion court granted Freedman's motion to dismiss the first two counts and denied his motion to dismiss the remaining two counts; the court also granted Hill leave to amend her petition.

In September 2018, Hill filed her second amended petition, the operative petition here, asserting the same four causes of action—assault, battery, negligence, and discrimination based on her exercise of her workers' compensation rights. The second amended petition includes the key allegations previously mentioned—both Hill and Freedman were employed by the University of Kansas during the relevant time, the alleged negligence occurred in Kansas City, Missouri, "[w]hile [Freedman was] performing work," and "Hill exercised her rights to report, and receive treatment and pay for, a workplace injury." Freedman again moved to dismiss all four counts, focusing his arguments in response to Hill's negligence claim on failure to state a claim and statutory immunity under the KTCA.

On February 8, 2019, the motion court issued an order dismissing Hill's second amended petition with prejudice.[2] The motion court concluded that Hill applied for and received workers' compensation under Kansas law,[3] Kansas law governs issues related to her injury, and Hill failed to state a claim for negligence or discrimination based on her exercise of her workers' compensation rights under Kansas law.[4] As to Hill's negligence claim specifically, the court found that Hill is statutorily barred from asserting a negligence claim against Freedman under Kansas law, and he is immune from Hill's negligence claim under the KTCA.

---

[2] With respect to the assault and battery claims, Hill's second amended petition noted that those claims were previously dismissed and were being "re-pled for purposes of preservation." Hill had already conceded that the assault and battery claims were time-barred under Missouri law, and the motion court again dismissed those claims with prejudice.

[3] In her opening brief, Hill does not challenge the motion court's finding that she received benefits under the Kansas Workers Compensation Act.

[4] On appeal, Hill challenges only the dismissal of her negligence claim. For that reason, we do not address Hill's discrimination claim further.

This appeal follows.[5]

## Standard of Review

All four points on appeal challenge the propriety of the motion court's dismissal of Hill's negligence claim. We review "the grant of a motion to dismiss *de novo* and will affirm the dismissal on any meritorious ground stated in the motion." *Mosby v. Precythe*, 570 S.W.3d 635, 637 (Mo. App. W.D. 2019) (quoting *Gerke v. City of Kan. City*, 493 S.W.3d 433, 436 (Mo. App. W.D. 2016)).

"A motion to dismiss for failure to state a claim on which relief can be granted is an attack on the plaintiff's pleadings." *R.M.A. by Appleberry v. Blue Springs R-IV Sch. Dist.*, 568 S.W.3d 420, 424 (Mo. banc 2019) (quoting *In re T.Q.L.*, 386 S.W.3d 135, 139 (Mo. banc 2012)). "Such a motion is only a test of the sufficiency of the plaintiff's petition." *Id.* (quoting *In re T.Q.L.*, 386 S.W.3d at 139). "When considering whether a petition fails to state a claim upon which relief can be granted, [we] must accept all properly pleaded facts as true, giving the pleadings their broadest intendment, and construe all allegations favorably to the pleader." *Id.* (quoting *Bromwell v. Nixon*, 361 S.W.3d 393, 398 (Mo. banc 2012)). "The Court does not weigh the factual allegations to determine whether they are credible or persuasive." *Id.* (quoting *Bromwell*, 361 S.W.3d at 398). "Instead, [we] review[] the petition to determine if the facts alleged meet the elements of a recognized cause of action . . . ." *Id.* (quoting *Bromwell*, 361 S.W.3d at 398). "In order to withstand the motion [to dismiss], the petition must invoke 'substantive principles of law entitling plaintiff to relief and . . . ultimate facts informing the defendant of that which plaintiff will attempt

---

[5] Hill filed a timely notice of appeal in this case (Case No. WD82657), but this court requested that Hill file a final "judgment" because the order issued by the motion court was not denominated "judgment" as required by Rule 74.01(a). Hill complied and filed a final judgment dismissing her second amended petition with prejudice. After filing the final judgment with this court, Hill filed a second notice of appeal which caused the opening of a new case (Case No. WD82771). We consolidated the cases under the lower case number (WD82657).

4

to establish at trial.'" *State ex rel. Henley v. Bickel*, 285 S.W.3d 327, 329-30 (Mo. banc 2009) (quoting *State ex rel. Union Elec. Co. v. Dolan*, 256 S.W.3d 77, 82 (Mo. banc 2008)). "If the petition sets forth any set of facts that, if proven, would entitle the plaintiffs to relief, then the petition states a claim." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008).

## Analysis

Hill raises four points on appeal related to the dismissal of her claim of negligence. She argues that the motion court erred in dismissing her negligence claim against Freedman because (1) Missouri substantive law applies, in that the car accident occurred in Missouri and the effects and injuries first occurred in Missouri; (2) Freedman is not immune from suit, in that the KTCA does not apply to a personal-capacity claim brought under Missouri law; (3) comity does not prohibit Hill's negligence claim, in that comity does not bar suits against government employees or contractors for their own personal acts and omissions; and (4) Hill's negligence claim is not barred by workers' compensation, in that this case is governed by Missouri substantive law, there was an affirmative negligent act, and the suit claims remedies not obtainable under the workers' compensation system. Each of Hill's points on appeal rests on application of Missouri law to her negligence claim. Thus, we begin our analysis by determining whether Missouri or Kansas law governs her claim.

According to Hill's second amended petition, Freedman's allegedly negligent act and Hill's resulting injury occurred in Missouri. Hill argues that the general choice-of-law rule is to apply the law of the state where the conduct and injury occurred (here, Missouri), citing *Livingston v. Baxter Health Care Corp.*, 313 S.W.3d 717, 722 (Mo. App. W.D. 2010). But the general rule is subject to exceptions. And Hill's second amended petition indicates that one such exception applies here. Hill acknowledges that, following her injury, she applied for and received

5

compensation under Kansas's Workers Compensation Act.[6]  Hill's decision to pursue that remedy

means that Kansas law governs issues related to her injury.  *See McLendon v. Kissick*, 250 S.W.2d

489, 493 (Mo. 1952) ("[T]he fact remains that plaintiffs chose to collect compensation under the

Kansas law.  They are bound by their choice."); *see also Farnham v. Daar, Inc.*, 184 F. Supp. 809,

811 (W.D. Mo. 1960) ("Missouri will follow the law of the state where the employee accepted

compensation, even though the employee is injured in Missouri.").

According to Hill, the principle that Missouri law follows the law of the state where

workers' compensation benefits are awarded applies only to subrogation claims and not to claims

asserted by the injured party.  But, Hill's argument fails for two reasons.  First, Missouri case law

does not limit this principle to cases involving subrogation claims only.  In fact, *McLendon*

involved claims by the individual employees against the alleged tortfeasors, as well as claims by

the employer and insurer, who filed intervention petitions.  *McLendon*, 250 S.W.2d at 490.  In that

case, the employees, who were injured in Kansas and accepted benefits under the Kansas Workers

Compensation Act, brought a third-party action in Missouri because their employment contracts

were made in Missouri.  *Id.*  The trial court had dismissed *all parties'* petitions, based on the

application of Kansas law, and the plaintiffs and intervenors argued to the Court that their claims

---

[6] The second amended petition does not specifically allege that Hill's workers' compensation benefits were awarded pursuant to the Kansas Workers Compensation Act; rather, she states that "Hill exercised her rights to report, and receive treatment and pay for, a workplace injury."  But, throughout the case below, Hill asserted that Freedman discriminated against her for exercising her workers' compensation rights, and Freedman asserted that Hill received workers' compensation benefits under the Kansas Workers Compensation Act.  Hill never contested this assertion and in its judgment, the motion court expressly found that Hill "filed a workers' compensation claim in Kansas" and that "Hill's petition asserts that she applied for and received workers' compensation."  Hill did not appeal the motion court's findings about the nature of her claims related to the workplace injury.  Now, for the first time, Hill argues in her reply brief that "[t]here is no allegation in the Second Amended Petition that Ms. Hill specifically invoked the Kansas Workers' Compensation Act or received benefits specific to Kansas's workers' compensation scheme."  "Because this argument was not raised until [Hill's] reply brief, at which point [Freedman] had no opportunity to respond, it was not properly presented and we do not address it."  *Patrick v. Altria Grp. Distribution Co.*, 570 S.W.3d 138, 146 n.8 (Mo. App. W.D. 2019).  *See, e.g., State ex rel. Lavender Farms, LLC v. Ashcroft*, 558 S.W.3d 88, 94-95 (Mo. App. W.D. 2018) ("Issues not raised by appellants in their opening brief cannot be raised for the first time in the reply brief, and are not properly preserved.").

6

should be governed by Missouri law instead of Kansas law. *Id.* at 493. The Court disagreed: "[T]he fact remains that plaintiffs chose to collect compensation under the Kansas law. They are bound by their choice." *Id.* Thus, because the plaintiffs (the individual employees) made the choice to collect workers' compensation under Kansas law, their efforts to bring a subsequent claim against the alleged tortfeasor—in addition to the employer and insurers' efforts to bring claims due to subrogation or assignment rights—were governed by Kansas law. *Id.* The present case is no different.

In *Farnham*, the United States District Court for the Western District of Missouri came to the same conclusion in a case that did not involve subrogation. Farnham was a Kansas resident who was employed there but injured while working in Missouri. *Farnham*, 184 F. Supp. at 810. After filing for and collecting workers' compensation in Kansas, Farnham filed suit against the Missouri tortfeasors he claimed were responsible for his injuries. *Id.* While Farnham would have had the right to assert this claim under Missouri law, he could not under Kansas law. *Id.* at 811. Thus, the question for the court—the same question at issue here—was whether Missouri or Kansas law governed. The court surveyed the relevant case law and concluded that Kansas law governed due to Farnham's acceptance of Kansas workers' compensation benefits.[7] *Id.* The same is true here, and Hill's characterization of this rule as limited to instances of subrogation or assignment is incorrect.

---

[7] The *Farnham* court relied, in part, on two decisions of the Supreme Court of Missouri. In the first case, *Scott v. Mo. Pac. R.R. Co.*, 62 S.W.2d 834 (Mo. 1933), an employee of a Kansas employer was injured while working in Kansas. *Id.* at 835. After receiving benefits under the Kansas compensation law, the injured employee filed suit in Missouri against the alleged third-party tortfeasor. *Id.* The Court held that the employee's suit was governed by Kansas law. *Id.* at 836. In the second case cited, *Giambelluca v. Thompson*, 283 S.W.2d 531 (Mo. 1955), an employee of a Texas employer was injured while on the job, presumably in Texas. *Id.* at 532. The employee received benefits under the Texas workers' compensation law. *Id.* The employee then filed suit in Missouri, and his employer's insurer intervened to assert its subrogation suit. *Id.* The Court held that Texas law applied to the employee's suit in Missouri. *Id.* at 534.

Second, even if all of the cases involved subrogation claims only, Hill offers no reason why subrogation claims should be treated differently. When a party brings an action on a subrogated or assigned claim, that party does so standing in the shoes of the original plaintiff and may assert the claims the original plaintiff was entitled to assert. *Branstad v. Kinstler*, 166 S.W.3d 134, 136 (Mo. App. W.D. 2005). Thus, as the previous discussion demonstrates, no matter who brings the third-party litigation—the original employee-plaintiff or the employer or the employer's insurer through subrogation and assignment—choice of law is governed by the state in which the employee sought and received workers' compensation benefits.

Having concluded that Hill's negligence claim against Freedman is governed by Kansas law, we turn to the law of that state to determine whether Hill states a cause of action against Freedman for negligence.

In her second amended petition, Hill alleges that both she and Freedman were employees of the University of Kansas, and thus, the State of Kansas. Hill further alleges that Freedman was "performing work" when her injury occurred.[8]

Kansas law provides, in pertinent part, "Except as provided in the workers compensation act, no employer, or other employee of such employer, shall be liable for any injury, whether by accident, . . . for which compensation is recoverable under the workers compensation act." Kan. Stat. Ann. § 44-501b(d).

> The [Kansas Workers Compensation] Act provides that a covered worker's remedy under the Act is exclusive. If the worker experiences a "personal injury by accident arising out of and in the course of employment," then the Act applies, and no separate civil suit in tort against the employer is permitted. Under the exclusive

---

[8] At one point in her opening brief, Hill asserts that she is permitted to plead in the alternative and pursue a theory that Freedman was operating the vehicle in his personal capacity. While Missouri law allows alternative claims pleading, "the alternative character of the allegation [must] be reasonably inferable from the context of the pleadings." *Mays-Maune & Assocs., Inc. v. Werner Bros.*, 139 S.W.3d 201, 205 (Mo. App. E.D. 2004). Hill's second amended petition expressly states that Freedman was performing work when Hill was injured, a fair reading of the petition does not support an inference that Freedman was operating the vehicle in his personal capacity.

8

remedy provision, "it is well established that a worker who recovers benefits for an on-the-job injury from an employer under the Act cannot maintain a civil action for damages against the employer or against a fellow employee."

*Scott v. Hughes*, 275 P.3d 890, 898 (Kan. 2012) (internal citations omitted) (quoting *Scott v. Hughes*, 132 P.3d 889, 893 (Kan. 2006)). Thus, because Hill and Freedman were both employed by the State of Kansas during the relevant time, Hill may not assert a claim against her fellow employee Freedman because Hill's injury is compensable under the Kansas Workers Compensation Act.[9]

Moreover, under Kansas law, the KTCA governs the circumstances in which the State and its employees can be liable for tort damages.[10] *See generally* Kan. Stat. Ann. §§ 75-6103; 75-6104. Of relevance here, the KTCA provides that,

> A governmental entity or an employee acting within the scope of the employee's employment shall not be liable for damage resulting from . . . any claim by an employee of a governmental entity arising from the tortious conduct of another employee of the same governmental entity, if such claim is . . . compensable pursuant to the Kansas workers compensation act.

*Id.* at § 75-6104(g). This appeal involves a claim by an employee (Hill) of a governmental entity (the University of Kansas) arising from the allegedly tortious conduct (the car accident) of another employee (Freedman) of the same governmental entity (the University of Kansas), and Hill's claim is compensable under the Kansas Workers Compensation Act.[11] Thus, Hill's negligence claim

---

[9] Hill never challenges the conclusion that, under Kansas law, her claim is barred by § 44-501b(d). Instead, she focuses on her arguments that Missouri law should govern, but her analysis of Missouri substantive and procedural law is irrelevant; Missouri law dictates that we apply Kansas law under the circumstances of this case.

[10] Because the University is an agency of the State of Kansas, the University and its employees are covered by the KTCA. *See Owoyemi v. Univ. of Kan.*, 91 P.3d 552 (Table), at \*2 (Kan. Ct. App. 2004).

[11] Hill asserts that the KTCA does not apply here because Freedman stepped outside state business and inflicted an individual wrong on her. But Hill's second amended petition specifically states that the alleged negligence occurred "[w]hile [Freedman was] performing work," and the Kansas cases Hill cites to support her assertion are clearly distinguishable.

9

fails to state a cause of action because the KTCA provides immunity for Freedman from exactly this type of claim.[12]

Thus, the assumption underlying each of Hill's four points on appeal—that Missouri law applies—is incorrect, and under the Kansas Workers Compensation Act and the KTCA, Hill is precluded from suing Freedman for negligence under the circumstances of this case. Even "accept[ing] all properly pleaded facts as true, giving the pleadings their broadest intendment, and constru[ing] all allegations favorably to [Hill]," *R.M.A. by Appleberry*, 568 S.W.3d at 424 (quoting *Bromwell*, 361 S.W.3d at 398), her second amended petition fails to state a cause of action against Freedman for negligence. To defeat a motion to dismiss, the second amended petition would have to invoke "substantive principles of law entitling [Hill] to relief, and . . . ultimate facts informing the defendant of that which plaintiff will attempt to establish at trial." *State ex rel. Henley*, 285 S.W.3d at 329-30 (quoting *State ex rel. Union Elec. Co.*, 256 S.W.3d at 82). The second amended petition fails to do that.

Accordingly, Points I, II, III, and IV are denied.[13]

---

[12] The motion court applied the KTCA to Hill's negligence claim as a matter of comity, finding that Missouri courts in this circumstance would apply Kansas immunities. In an intervening decision, the U.S. Supreme Court held that state courts are required to provide sister states the same immunity the sister states would receive in their own state courts. *Franchise Tax Bd. of Cal. v. Hyatt*, 139 S. Ct. 1485, 1490, 1499 (2019) (*Hyatt III*). And Freedman alleges that at least one court has ruled that the holding in *Hyatt III* compels a state court to provide a sister state's agencies *and employees* with the same immunity to which they would be entitled in their own state courts. *Reale v. State*, 218 A.3d 723, 726-27 & n.6 (Conn. Ct. App. 2019). We need not address these issues in light of our conclusion that Kansas law applies here.

[13] While this case was pending on appeal, Freedman filed a motion for leave to file a sur-reply, and we took the motion with the case. In view of our disposition of the case, Freedman's motion is denied as moot.

**Conclusion**

Because Kansas law applies to Hill's negligence claim against Freedman and, under Kansas law, Hill fails to state a cause of action against Freedman, we affirm the dismissal of her claim.

_____
Karen King Mitchell, Chief Judge

Thomas H. Newton and Edward R. Ardini, Jr., Judges, concur.